JACKSON PATE v. H. S. HAZELL.

*Personal Property—Possession—Prima facie Evidence of Ownership—Title by Possession.*

1. Four years' possession of a chattel does not give title in North Carolina.

2. The legal owner of a sewing-machine leased it to one A., who leased to the plaintiff, and he held it for four years, when it was discovered and taken: *Held*, that the legal owner was entitled to it.

3. Possession of a chattel is *prima facie* evidence of ownership, and, if adverse and long-continued, may ripen into a good title.

This was a CIVIL ACTION to recover the possession of a sewing-machine, tried at the April Term, 1890, of WAYNE Superior Court, by *Brown, J.*

The plaintiff testified that he was in possession from 1886 to 1890, and that it was pawned to him by defendant's lessees.

The facts are set out in the opinion.

*Mr. W. S. O'B. Robinson*, for plaintiff.
No counsel for defendant.

SHEPHERD, J.: The defendant, the legal owner of the sewing-machine, leased it to Annie Smith (now Mrs. Atkinson), who, with her husband, pledged it to the plaintiff. The plaintiff held it in his possession about four years, when it was discovered and taken by the defendant. The plaintiff claims title by reason of his four years' possession.

It is argued that the possession of a chattel confers title when the possession has been of sufficient duration to bar an action for its recovery, and for this position the case of *Campbell* v. *Holt*, 115 U. S., 620, is cited. Whatever may have been held by that Court, we are of the opinion that no such principle has ever been recognized as a rule of the common law in North Carolina. Such was the statute law before the adoption of the present *Code* (see ch. 65, § 20, Rev. Code), but this was repealed, leaving no fixed period when such possession should raise a conclusive presumption of title.

There is no doubt that the possession of a chattel is *prima facie* evidence of ownership, and this possession, if adverse and long continued, may ripen into a good title; but we cannot hold, in the absence of legislation, that four years' possession (especially under the circumstances of this case) can have the effect of defeating the true owner, who is now in the actual possession of his property.

Affirmed.