6973

## McCUTCHEN v. ATLANTIC COAST LINE R. R. CO.

Constitutional Law—Railroads—Freights—Penalty.—The act, 24 Stat., 671, relating to penalty for delay in shipment of freight after prompt shipment request, is not in violation of the equal protection clause of the Federal Constitution in that it applies alone to railroads. The provision of the statute relating to furnishing, upon demand of consignee, a statement in writing of date of receipt of freight, cause of delay, etc., applies to a shipment over a continuous line.

Before Prince, J., Lee, September, 1907.   Affirmed.

Action by E. B. McCutchen against Atlantic Coast Line Railroad Company.   From Circuit order affirming judgment of Magistrate R. H. Singletary, defendant appeals.

*Messrs. Willcox & Willcox, J. T. Barron, R. E. Dennis* and *Henry E. Davis,* for appellant.   *Messrs. Willcox & Willcox* and *Henry E. Davis* cite: *The act is unconstitutional, in that it denies to the railroads the equal protection of the laws:* 68 S. C., 339; 63 S. C., 169; 165 U. S., 150; 183 U. S., 79.   *It is duty of railroad to distribute its cars among its customers according to their needs:* 125 Fed., 252; 143 Fed., 266; 1 I. C. R., 787; 109 Fed., 831; 2 Hutch. on Car., secs. 520, 539.   *The statute constitutes a direct interference with interstate commerce:* 138 U. S., 78; 116 U. S., 446; 100 U. S., 439; 141 U. S., 63; 103 U. S., 351; 165 U. S., 101; 170 U. S., 445; 91 U. S., 161; 135 U. S., 161; 40 Fed., 399; 39 Fed., 646; 136 U. S., 313; 130 Mass., 1; 27 Am. St. R., 563; 12 Wall., 418; 104 Fed., 258.

*Mr. Thomas H. Tatum,* contra.

July 25, 1908.   The opinion of the Court was delivered by

Mr. Justice Jones. This action was begun in a magistrate's court to recover certain statutory penalties alleged to have accrued by reason of defendant's failure to deliver within a certain time a carload of fertilizer shipped over its road.

The complaint alleged that on January 31, 1907, defendant received at Charleston, S. C., a carload of fertilizer to be transported to Wisacky, S. C., points on defendant's railroad over one hundred and not over two hundred miles apart by nearest railroad route; that the shipment was made under bill of lading, upon which was stamped the words "prompt shipment required;" and that the defendant carelessly, wilfully, etc., failed and refused to deliver said car of fertilizer to plaintiff at Wisacky, S. C., until 20th February, 1907. Alleged, further, that because of the delay of sixteen days beyond the time allowed by statute a penalty of $80 had accrued, and that a further penalty of $19, at $1 per day, had accrued by reason of defendant's refusal to furnish a written statement, specifying the date of its receipt of said freight, the cause of the delay and the name of the company respon-- sible therefor, after written demand by plaintiff for such statement according to the terms of the statute.

The defense mainly relied on was that the act under which the penalty was claimed was unconstitutional, being in violation of the equal protection clause and the interstate commerce clause of the Federal Constitution.

A judgment was had in the magistrate's court in favor of plaintiff for $94. Defendant appealed, and the Circuit Court affirmed the judgment of the magistrate's court. The appeal raises solely the question of the constitutionality of the act.

The following is a copy of the act in question, 34 Stat., 671:

"An Act to Prevent Delays in the Transportation of Freight by Railroads in this State.

Section 1. "Be it enacted by the General Assembly of the State of South Carolina, That from and after May 1,

1904, all railroad companies doing business in this State shall transport to its destination all freight received by them for transportation within this State within a reasonable time after receipt thereof, not exceeding the following time after midnight of the day of the receipt thereof, to wit: Between points not over one hundred miles apart, seventy two hours; between points over one hundred and not over two hundred miles apart, ninety-six hours, and between points over two hundred miles apart, one hundred and twenty hours. The nearest route by railroad shall be taken in each case as the distance between the points: *Provided,* That notice be given to the receiving company that prompt shipment of such freight is required, and, when requested, such company shall insert in the bill of lading the words, 'prompt shipment required,' which shall be conclusive evidence of such notice, and each such company shall extend such notice to its connecting line or be liable for the consequence of its failure to do so.

Sec. 2. "That any such company failing to comply with the provisions of this act, except for good and sufficient cause, the burden of proof of which shall be upon the company so failing, shall be subject, in addition to the liabilities and remedies now existing for unreasonable delay in the transportation of freight, to a penalty of five dollars per day for every day of delay in excess of the time hereinbefore limited, to be recovered by any consignee who may be injured in any way by such delay or by the owner or holder of the bill of lading, in any court of competent jurisdiction: *Provided,* That the sum of the penalty recovered shall not exceed the value of the goods and the transportation charges thereon: *Provided, further,* That any such company shall within ten days after demand in writing therefor, by any consignee of delayed freight or the owner or holder of the bill of lading, furnish a statement in writing, specifying the date of its receipt of such freight, the cause of the delay and the name of the company responsible therefor. Any company failing to furnish such statement shall forfeit to the

party demanding it one dollar a pay for each day in default, to be recovered as aforesaid : *Provided, further,* That if any such company shall prove that no delay in violation of this act occurred in the transportation of such freight after receipt thereof by it, and that it extended the notice that prompt shipment was required to its connecting line, and that by the exercise of due diligence it was unable to discover the cause of the delay or the name of the company responsible therefor, it shall be excused from liability under this act."

Under the first exception, appellant contends that the above act, in singling out railroads of all common carriers and persons engaged in the transportation of freight, and imposing upon them alone penalties for certain delays in delivering freight, establishes an unreasonable and arbitrary classification of those who shall be subject to its provisions, and so, is in violation of article XIV, section 1, of the Constitution of the United States.

In *Johnson et al.* v. *Spartan Mills,* 68 S. C., 339, 47 S. E., 695, the Court quotes with approval this from *Simmons* v. *Tel. Co.,* 63 S. C., 430, 41 S. E., 521 : "Legislation is not unequal or discriminatory in the sense of the equality clause of the Constitution, merely because it is special or limited to a particular class. The decisions of the United States Supreme Court established that the Legislature has power to make a classification of persons and property for public purposes, provided such classification is not arbitrary and bears reasonable relation to the purpose to be effectuated, and the equality clause is not violated when all within the designated class are treated alike."

A classification may be reasonable which, for certain purposes, imposes liability upon a railroad as distinguished from other common carriers. *Ry.* v. *Mackey,* 127 U. S., 205 ; *St. Louis, etc., Ry. Co.* v. *Matthews,* 165 U. S., 1.

The purpose to be effectuated by the statute in question was a public one, for it sought to compel railroads as carriers of freight to perform the duty which they owe to the public

to transport and deliver freight within a reasonable time. It is not suggested that the time of delivery as specified in the statute is unreasonable. The evil sought to be remedied was the frequent delay in the transportation of freight by railroads, and all such carriers are included within the statute.

It is manifest that regulations which would be entirely reasonable with respect to transportation of freight by railroads would be unreasonable as applied to express companies and carriers by water, due to the difference in the conditions and instrumentalities. Express companies in this State employ the rapid service of passenger trains, and delays which would be regarded as reasonable and excusable with respect to ordinary freight would not be reasonable or excusable with respect to express. On the other hand, carriage by water is subject to many contingencies, which do not affect carriage by railroads, and it would not be reasonable to subject both alike to the same regulations as to time.

To sustain its view appellant relies mainly on *Porter* v. *Ry. Co.,* 63 S. C., 169, 41 S. E., 108, and *Ry. Co.* v. *Ellis,* 165 U. S., 150. This Court differentiated the Porter case from the Ellis case on two grounds: 1, the South Carolina statute applied to all common carriers, whereas the Texas statute applied only to railroads; 2, the South Carolina statute was limited to claims peculiarly incident to the business of a common carrier, whereas the Texas statute was not. It does not follow, however, from this that the statute in question must fail, for although applying to railroads alone, the regulations are designed to compel the performance of a public duty due by railroad companies, and to correct a public evil arising out of that particular method of transportation. The decision in the Ellis case was the result of the fact that the Supreme Court of Texas had construed the Texas statute as designed to compel the payment of small debts and, accepting such construction, the Supreme Court of the United States held it discriminatory in imposing upon railroad corporations a penalty for non-payment of

debt, not made applicable to all debtors. *Atchison Ry.* v. *Matthews,* 19 Sup. Ct. Rep., 610. The result would, no doubt, have been different if the Texas statute had confined its operation to the enforcement of a public duty appertaining to railroads and to correct an evil peculiarly arising out of the particular business, such as we hold the statute under consideration has done.

The question whether the statute violates the interstate commerce clause does not properly arise upon the record and need not be considered. The shipment involved was not interstate, but was wholly within the State. Hence the effect of the statute as applied to interstate commerce is not involved.

It is further contended that so much of the statute as relates to the penalty of one dollar per day for default in furnishing, within ten days after demand in writing therefor, a statement in writing, specifying the date of its receipt of such freight, the cause of the delay, and the name of the company responsible therefor, has no application to a shipment over a single continuous line, but that it only applies to connecting roads. The language used is clearly intended to embrace a delayed shipment over connecting lines, but we do not think there is anything in the statute which necessarily compels the limited construction for which appellant contends.

The judgment of the Circuit Court is affirmed.