LILLIE CULLIFER v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 3 March, 1915.)

1. Courts—Clerks of Court—Trials—Instructions—Appeal and Error.

Where, in accordance with an agreement previously entered into, the clerk receives the verdict of the jury in the absence of the court, it is his duty to do so without comment thereon and to keep it until the reconvening of the court; and where the clerk hands the answered issues back to them and tells them they should retire to their room and reconsider the issues to see if the answers were not in conflict with the charge, but refusing to say in what respects, he has exceeded his authority in assuming to instruct the jury, and a verdict differently rendered will be set aside and a new trial ordered.

**2. Negligence—Contributory Negligence—Last Clear Chance.**

Where in an action to recover damages for a personal injury received by being run upon by the train of defendant railroad company, contributory negligence of the plaintiff is shown, under evidence justifying it, an issue as to the last clear chance should be submitted to the determination of the jury, and it is error for the trial judge to so modify an issue tendered by the plaintiff that it limits the inquiry to the time after the perilous condition of the plaintiff was discovered.

**3. Issues—Trials—Instruction, Correct in Part—Appeal and Error.**

Where the trial judge has submitted an erroneous issue upon the last clear chance, to the plaintiff's prejudice, the error is not cured by the charge of the court which lays down the correct principle applicable to the evidence, in one part, and in another part erroneously states it.

APPEAL by plaintiff from *Ferguson, J.,* at November Term, 1914, of EDGECOMBE.

Civil action, tried upon these issues:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: "No."

2. Was the plaintiff guilty of contributory negligence, which brought about her own injury? Answer: _____

3. Notwithstanding any negligence on the part of said plaintiff, could the defendant by the exercise of due care and prudence have prevented the injury after the perilous condition of the plaintiff was discovered? Answer: "No."

4. What damages, if any, is plaintiff entitled to recover? Answer: _____

From the judgment rendered the plaintiff appealed.

*Fountain & Fountain, Claude Kitchin, G. M. Fountain & Son for plaintiff.*

*F. S. Spruill for defendant.*

BROWN, J. Exception No. 3 of the plaintiff is based upon the following facts: After the case was given to the jury by the judge, it was agreed by counsel, with the approval of the court, that the clerk should take the verdict. The clerk went to the courtroom to receive the verdict and, without asking them whether or not they had agreed upon their verdict, he asked them to hand him the issues, and the issues were handed to him, answered as follows by the jury: The first issue, "Yes"; second issue, "Yes"; third issue, "No"; fourth issue, "$2,500." That the clerk thereupon handed the issues back to said jury and said to them that they had better retire to their rooms and reconsider the issues and see if answers were not in conflict with the judge's charge. That one of the jurors asked, "In what respect?" The clerk said to him that he could not instruct him as to that; that they could retire and see for themselves; and the jury immediately retired to their room.

The next morning, which was Sunday, about twenty minutes after 10 o'clock, the jury returned the verdict of record. To this the plaintiff excepted for that the verdict of record is not the proper verdict, and before judgment moved for a new trial and that both verdicts be set aside. The court, being of opinion that the defendant was entitled to judgment on the verdict as returned to the clerk, overruled the plaintiff's motion, and the plaintiff excepted.

It was error upon the part of the clerk to have given any instructions whatever to the jury. It was not for him to say whether they had followed the charge of the court or not. When the jurors tendered to him the issues, on Saturday night, it was his duty to have accepted them under the instructions of the court and the agreement of counsel, and not have undertaken to advise the jury as to their attitude. In so doing he overstepped his authority.

The plaintiff tendered an issue as follows: "Notwithstanding any negligence on the part of said plaintiff, could the defendant, by the exercise of due care and prudence, have prevented the injury?" The court refused to submit this issue as tendered, but submitted it, modified so as to read: "Notwithstanding any negligence on the part of said plaintiff, could the defendant, by the exercise of due care and prudence, have prevented the injury *after the perilous condition of the plaintiff was discovered?*" The plaintiff excepted, and this is her second exception.

His Honor erred in refusing to submit the issue as tendered by the plaintiff. It is well settled in this State that where the plaintiff is guilty of contributory negligence the defendant must exercise ordinary care and diligence to avoid the consequences of the plaintiff's negligence, and if by exercising due care and diligence the defendant can discover the situation of the plaintiff in time to avoid injury, the defendant is liable if it fails to do so. *Denmark v. R. R.,* 107 N. C., 189; *Willis v. R. R.,* 122 N. C., 906; *Pierce v. R. R.,* 124 N. C., 85; *Powell v. R. R.,* 125 N. C., 371; *Bogan v. R. R.,* 129 N. C., 155; and many other subsequent decisions of this Court

The defendant seeks to avoid the consequences of this error upon the part of the court by attempting to show that his Honor charged the law correctly, and that the jury must have understood that the answer to the third issue was not to depend solely upon whether the engineer did actually discover the plaintiff's condition, but whether the engineer by exercise of ordinary care could have discovered it.

We have examined the charge with great care, and we find that his Honor did instruct the jury once to that effect, but he instructed them otherwise and erroneously in other parts of his charge. In view of the language of the issue, together with the conflicting charge, we think the jury were most probably misled.

New trial.