GEORGE C. HAYNES, Administrator, and SALLIE K. HAYNES v. SOUTHERN RAILWAY COMPANY.

(Filed 21 December, 1921.)

**Railroads—Negligence—Contributory Negligence—Last Clear Chance.**

Where there is evidence tending to show that the plaintiff's intestate was killed at a public crossing while endeavoring to cross in front of the defendant railroad company's train while it was slowly moving away from its station, and that the defendant's engineer had his attention called to the dangerous position of the intestate in time to have avoided the injury, the contributory negligence of the intestate will not bar his recovery, it being dependent upon the answer to the issue as to the last clear chance.

APPEAL by defendants from *Long, J.,* at the May Term, 1921, of HAYWOOD.

Civil actions to recover damages for an alleged negligent injury to, plaintiff's intestate and damages to the automobile in which he was riding, by consent, consolidated and tried together in the Superior Court.

On 21 October, 1920, W. J. Haynes, while attempting to drive his wife's machine over the defendant's track at a public crossing in Hazel-

wood, N. C., was struck and killed by a freight train of the Southern Railway Company, and the automobile was badly damaged and demolished.

The administrator brings suit to recover damages for the alleged wrongful death of his intestate; and the wife of the deceased sues to recover for the damage done to her car. For convenience, and by consent, the two actions were consolidated and tried together, the evidence upon the question of liability being the same in both cases.

Upon the issues of negligence, contributory negligence, last clear chance, and damages all being answered in favor of the plaintiff, in each case, and from the judgments rendered thereon, the defendants appealed.

*John M. Queen and Felix E. Alley for plaintiffs.*
*Martin, Rollins & Wright for defendants.*

STACY, J. The injuries, out of which the present suits arise, were caused by a collision at a public crossing in the village of Hazelwood, between an automobile in which W. J. Haynes was riding and a freight train of the Southern Railway Company. The train was slowly pulling out from the station, moving at a rate of from two and a half to three miles an hour, when plaintiff's intestate drove upon the crossing and was pushed down the track by the engine for a distance of about seventy-two feet and killed.

It was shown by all the evidence that no warning was given of the train's starting and of its approach. The engineer was in his cab, but the witnesses differ as to whether the fireman was on his side where he could have seen the automobile as it came near the crossing. Several hundred yards east of the station another train was coming in on the pass track, and there was evidence tending to show that plaintiff's intestate was watching the westbound train and did not see the eastbound train, the one which struck him, or if he did, he failed to observe that it was moving and entering upon the crossing.

There was also evidence to the effect that a number of bystanders signaled the engineer to stop when it was apparent that a collision was about to occur, but that he failed to do so, though his attention was attracted by the signals and he looked down at his driving wheels.

The automobile was pushed down the track for a distance of about thirty feet when it was turned over and then carried a further distance of forty-two feet before the engineer brought his train to a stop.

Upon this, the evidence chiefly relevant, we think the defendants' motion for judgments of nonsuit were properly overruled.

Conceding for the sake of argument only that *non obstante veredicto* the plaintiff's intestate may have been guilty of negligence in going upon

the track at the time in question, yet we think the evidence was amply sufficient to warrant the jury's finding on the issue of the last clear chance.

It has been held uniformly with us that, notwithstanding the plaintiff's contributory negligence, if the jury should find from the evidence that the defendant, by the exercise of ordinary and reasonable care, could have avoided the injury, and failed to do so, and had the last clear chance to so avoid it, then the defendant would be liable in damages. *Horne v. R. R.,* 170 N. C., 645; *Cullifer v. R. R.,* 168 N. C., 311; *Ray v. R. R.,* 141 N. C., 84; *Bogan v. R. R.,* 129 N. C., 157, and cases there cited; *Pickett v. R. R.,* 117 N. C., 616. See, also, 29 Cyc., 530 *et seq.*

Resting the case upon this ground, it becomes unnecessary to treat in detail in this opinion the remaining exceptions, as they relate almost entirely to other phases of the case. Upon a careful consideration of the defendants' exceptions and assignments of error, we find no reversible or prejudicial error; and this will be certified to the Superior Court.

No error.