M. E. HART, Executor, v. ATLANTIC COAST LINE RAILROAD.

(Filed 9 March, 1927.)

1. **Negligence—Railroads—Evidence—Duty of Deceased to Avoid Injury —Duty of Engineer—Instructions—Appeal and Error.**

In an action to recover damages of a railroad company for the negligent killing of the deceased and his cow, it is reversible error for the judge to charge the jury upon the evidence that if the deceased was driving his cow in front of the defendant's running train, the defendant's engineer would be justified in assuming that the testate would drive the cow off the track if he was apparently in full charge and possession of his faculties, and he would not be required to stop the train or slacken its speed, as this instruction omits the duty of the engineer to exercise, under the circumstances, ordinary care to have avoided the injury.

2. **Evidence—Negligence—Nonsuit.**

Under the evidence in this case, viewed in the light most favorable to the plaintiff, defendant's motion as of nonsuit was properly denied.

APPEAL by plaintiff from *Sinclair, J.,* at September Term, 1926, of PITT.

Civil action to recover damages for the death of plaintiff's testate and for the killing of his cow, both alleged to have been caused by one and the same wrongful act, neglect or default of the defendant.

From a judgment of nonsuit on the cause of action for the alleged wrongful death of plaintiff's testate, and an adverse verdict and judgment in favor of defendant on the cause of action for the alleged wrongful killing of plaintiff's testate's cow, the plaintiff appeals, assigning errors.

*M. B. Prescott and S. J. Everett for plaintiff.*
*Skinner, Cooper & Whedbee for defendant.*

STACY, C. J. Without stating the facts, some of which are in dispute, we are convinced, from a careful perusal of the record, viewing the evidence in its most favorable light for the plaintiff, the accepted position on a motion to nonsuit, that both causes of action should have been submitted to the jury. No benefit would be derived from detailing the evidence, as the only question presented, on this phase of the case, is whether it is sufficient to go to the jury, and we think it is.

With respect to the second cause of action, the following excerpt, taken from the charge, forms the basis of one of plaintiff's exceptive assignments of error:

"I charge you that, if you shall find from the evidence and by its greater weight that the engineer on defendant's train saw the cow upon the track coming toward the train, and further saw Mr. Hart driving said cow, and that Mr. Hart was in apparent full possession and control of his faculties, that the engineer of defendant would be justified in assuming that Mr. Hart would drive said cows off the track and there would be no duty upon the part of the defendant to stop its train or slacken its speed, and you should answer the first issue, 'No.'"

This instruction was erroneous, in that it relieved the defendant from the duty of exercising ordinary care to avoid the injury. *Lay v. R. R.,* 106 N. C., 404.

New trial.