J. R. JENKINS, ADMINISTRATOR OF LEVI JENKINS, DECEASED, v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 9 January, 1929.)

**1. Railroads—Right of Way—Trespassers and Licensees.**

> Where the railroad company knowingly and constantly permit the public to use a portion of its track as a walkway, a person walking thereon is a licensee and not a trespasser.

**2. Railroads—Negligence—Injuries to Person On or Near Track—Licensees.**

A railroad company is liable in damages for the injury of a licensee sitting on the end of a sill upon the track when by the exercise of due care by its employees in operating the train they saw or should have seen that he was in a helpless condition in time to stop the train and avoid the injury.

**3. Same—Last Clear Chance—Issues.**

Upon evidence tending to show that the plaintiff's intestate was sitting in a helpless condition upon the track of the defendant railroad company, and that by the exercise of due care the defendant's employees should have seen his condition in time to have avoided the injury by stopping the train, and there is also evidence of the contributory negligence of the intestate: *Held*, in addition to the issues of negligence, contributory negligence, and damages, an issue as to the "last clear chance" should have been submitted to the jury upon the conflicting evidence.

**4. Same—Liability of Employees.**

A railroad company is required to keep a proper lookout ahead of its moving train for those upon the track at a place where they permit the track to be used by the public as a walkway, and it is not excused from this duty by the fact that at the time of running upon and killing a pedestrian obviously helpless upon the track, that those in charge of the operation of the train had other duties to perform in connection therewith preventing their keeping a lookout, this being available to the employees alone when they are joined as codefendants in the action.

APPEAL by plaintiff from *MacRae, Special Judge,* at October Special Term, 1928, of HAYWOOD. Reversed.

Action to recover damages for the wrongful death of plaintiff's intestate, who was struck and killed by a moving freight train of the defendant, Southern Railway Company, operated at the time by the other defendants, as engineers and firemen, who were charged with the duty of keeping a lookout for persons on the track in front of the moving train. The train was composed of two heavy locomotive engines, and ten or twelve cars. It was running as a "double-header."

Plaintiff's intestate, at the time he was struck and killed by train, was sitting on the end of a cross-tie, apparently unconscious of the approach of the train. He was not at or near a crossing, public or private, nor was he an employee of defendant railway company. He had been walking on the track shortly before he sat down on the cross-tie, on his way from Lake Junaluska to his home. There was evidence tending to show that the track at this point was constantly used by the public, to the knowledge of defendants, as a walkway. Deceased was walking on the track as a licensee, and not as a trespasser. There was evidence tending to show that he was returning to his home because he was ill, and that he was ill when he sat down upon the cross-tie. He remained

there for some time, unconscious of his peril, because of his illness. He failed to respond to a warning given him by a witness of the approach of the train, when the train was forty or fifty feet from him. There was no blowing of the whistle or ringing of the bell on the engine, as the train approached him. The noise made by the moving train could have been heard by him, but no signal was given indicating that the engineers or firemen had seen the deceased before the train struck him.

It is alleged in the complaint that defendants and each of them failed to exercise due care to keep a proper lookout from the train for persons who were or who might reasonably be expected to be on the track in front of the moving train, at the point where deceased was sitting on the cross-tie, and that such failure was the proximate cause of the injuries which resulted in the death of plaintiff's intestate.

From judgment dismissing the action, as upon nonsuit, at the close of the evidence, upon motion of defendants, plaintiff appealed to the Supreme Court.

*W. R. Francis and Alley & Alley for plaintiff.*
*Thomas S. Rollins for defendants.*

CONNOR, J. There was error in allowing defendants' motions for judgment as of nonsuit, at the close of the evidence, and in the judgment dismissing the action.

There was evidence tending to show that defendants and each of them failed to exercise due care to keep a vigilant and proper lookout from the moving train for persons who were or who might reasonably be expected to be on the track in front of the train, where plaintiff was sitting on the end of the cross-tie, and that such failure was the proximate cause of the injuries which resulted in the death of plaintiff's intestate.

The evidence was sufficient to sustain a finding by the jury that if a proper lookout had been kept by defendants, plaintiff's intestate would have been discovered on the track in time for the train to have been stopped before it reached and struck him. There was evidence to the contrary. The conflicting evidence with respect to this matter should have been submitted to the jury, under appropriate instructions, upon the issues involving (1) actionable negligence on the part of defendants; (2) contributory negligence on the part of the deceased; (3) the principle of the "last clear chance," and (4) damages.

If the jury had found from the evidence that neither of the employees of defendant railway company, who are defendants in this action, could have seen deceased, by the exercise of due care, in time to have had the train stopped before it struck him, because he had other duties to per-

form besides keeping a lookout, or because of the position in which he was required to be for the performance of such duties, while this finding would relieve said employee of liability to plaintiff, it would not exculpate the defendant, Southern Railway Company. *Arrowood v. R. R.,* 126 N. C., 629, 36 S. E., 151. The railway company was liable in damages, if it failed to perform its indispensable duty to provide for a proper and vigilant lookout by an employee on said train, who by the exercise of due care, could have seen a person on its track, or in a position of peril, near its track, in time to avoid an injury to him from the moving train.

There was evidence that deceased could not have been seen by a person on the train at a greater distance than about 400 feet, because of a curve in the track; that deceased had gone upon the track as a licensee, and while lawfully walking thereon had become suddenly ill, and for that reason had sat down upon the end of the cross-tie; that he was sitting there as the defendant's train approached him in an apparently unconscious and therefore helpless condition, and that the train which was moving at a rate of speed not less than fifteen miles per hour, could not have been stopped at that point within less than 600 feet. It was negligence for defendant, Southern Railway Company, to operate its train in such a manner as that it could not be stopped before striking a person who had lawfully gone upon its track, and while walking thereon had suddenly become ill, and for that reason had sat down upon a cross-tie, where he remained in an apparently helpless condition. See *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237.

If the jury had found from the evidence that deceased by his own negligence contributed to the injuries which resulted in his death, then there was evidence from which the jury could have further found that notwithstanding such contributory negligence, the proximate cause of such injuries was the failure of defendants to exercise due care, after deceased could have been discovered, sitting on the end of the cross-tie, in an apparently helpless condition, to stop the train and thus avoid the injuries to deceased. The principle upon which the doctrine of the "last clear chance" is founded, is recognized and enforced in this jurisdiction, as just and necessary for the protection of human life. *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829.

This case falls within the principles upon which *Tyson v. R. R.,* 167 N. C., 215, 83 S. E., 318, was decided. These principles are well settled, and have been uniformly applied by this Court in decisions which are authoritative. Defendant cites and relies upon *Holder v. R. R.,* 160 N. C., 4, 75 S. E., 1094, and *Stout v. R. R.,* 164 N. C., 384, 80 S. E., 1118. These cases are commented upon by *Brown, J.,* in his opinion in

the *Tyson case.* They are distinguished upon the facts from the *Tyson case.* They are not controlling in the decision of the question presented by this appeal.

It has been the policy of the law, certainly in this jurisdiction, as shown by numerous decisions of this Court, to hold railroad companies, and their employees, in charge of moving trains, to a high standard of duty towards persons who are or who may reasonably be expected to be on their tracks in front of a moving train. This policy is justified as tending to protect human life. That its vigorous enforcement may sometimes result in the recovery of damages in a case where upon its peculiar facts, the plaintiff does not seem to be entitled to damages does not require or justify a relaxation of well-settled principles. The judgment dismissing the action must be

Reversed.