MARY D. REDMOND, ADMINISTRATRIX OF MARCELLUS REDMOND, v.
THE NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 20 March, 1929.)

**Railroads—Operation—Injuries to Person On or Near Track—Contributory Negligence—Last Clear Chance.**

Evidence tending only to show that the plaintiff's intestate left the defendant's track at the approach of its train and returned to rescue his hog on the track when the running train was in about five feet of the place is insufficient to take the case to the jury upon the issue of negligence or apply the doctrine requiring a signal or warning to be given by the defendant's engineer, or that of last clear chance.

APPEAL by plaintiff from *Grady, J.*, at January Special Term, 1929, of WAKE. Affirmed.

Action to recover for the wrongful death of plaintiff's intestate. From judgment of nonsuit, at the close of plaintiff's evidence, plaintiff appealed to the Supreme Court.

*Chas. U. Harris and Gatling, Morris & Parker for plaintiff.*
*Robert N. Simms for defendant.*

PER CURIAM. The evidence of the plaintiff tended to show that the death of her intestate was caused by his own negligence, in going upon defendant's track, for the purpose of rescuing his hog from danger, when defendant's train was within about five feet of the hog. There was no evidence from which the jury could have found that defendant's negligence, in failing to blow the whistle or ring the bell, or in failing to keep a proper lookout, was the proximate cause of the injuries which resulted in the death of plaintiff's intestate.

This case is easily distinguishable from *Jenkins v. R. R., ante,* 466, 146 S. E., 83, and *Hart v. R. R.,* 193 N. C., 317, 136 S. E., 874. Plaintiff's intestate was not on or near defendant's track in an apparently helpless condition, at a distance from the train, within which the train could have been stopped by the exercise of reasonable care, before it struck and injured him.

There was no evidence from which the jury could have found facts to which the doctrine of the "last clear chance" is applicable. This doctrine and the principles upon which it is founded are fully discussed by *Brogden, J.,* in his opinion in *Redmond v. R. R.,* 195 N. C., 764, 143 S. E., 829. He says: "The doctrine does not apply to trespassers and licensees upon the tracks of a railroad who, at the time, are in apparent possession of their strength and faculties, the engineer of the train, producing the injury, having no information to the contrary. Under such circumstances the engineer is not required to stop his train or even slacken his speed, for the reason that he may assume until the very moment of impact that the pedestrian will use his faculties for his own protection and leave the track in time to avoid the injury."

In the instant case, plaintiff's intestate left the track, because he was aware of the approaching train. When he went back upon the track, in his effort to save his hog, the train was within five feet of the hog. The train could not have been stopped within this distance. Plaintiff cannot recover in this action, because the death of her intestate was not caused by the negligence of defendant, but by his own negligence. Upon the evidence, defendant does not rely upon contributory negligence as a defense. Plaintiff, therefore, cannot invoke the doctrine of the "last clear chance" to support her right to recover of defendant. This doctrine, although well established in this jurisdiction, has no application to the instant case. The judgment dismissing the action is

Affirmed.