J. K. JONES, Administrator, v. SOUTHERN RAILWAY COMPANY.

(Filed 28 February, 1940.)

**Railroads § 10—Evidence held to require submission of case to jury under doctrine of last clear chance.**

Evidence that intestate had been drinking, that he and his companion were seen down between the rails of defendant's track, doubled up and in an apparently helpless condition, and that they were struck by defendant's train approaching along the track which was straight and unobstructed for a distance of seven hundred feet, *is held* sufficient to be submitted to the jury, and judgment of nonsuit is improperly entered.

APPEAL by plaintiff from *Cowper, Special Judge,* at October Term, 1939, of JACKSON.

Civil action to recover damages for death of plaintiff's intestate alleged to have been caused by the wrongful act, neglect or default of the defendant.

Plaintiff's intestate was killed on the afternoon of 19 June, 1938, about 2:00 p.m., when he was struck by defendant's eastbound freight train, running between Dillsboro and Barker's Creek in Jackson County. The train was composed of two engines and a caboose. In railroad parlance it was "dead-heading," *i.e.,* running on return trip with only engines and caboose.

It is in evidence that just prior to the injury plaintiff's intestate and one Arthur Roland were seen on defendant's track "doubled up between the two rails . . . kind of wadded up . . . they were both down, and the one that had on the coat (plaintiff's intestate) was nearly

piled up in a wad." They were both drinking and "they looked like they were helpless." It is further in evidence that they could be seen from the west for a distance of 700 feet. "There was no obstruction between where those men were down to this point 700 feet west." They were both run over and killed.

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*Stillwell & Stillwell* for plaintiff, appellant.
*W. T. Joyner and Jones, Ward & Jones* for defendant, appellee.

STACY, C. J. The defendant insisted with quite good fortune in the court below that the case *sub judice* is controlled by the decision in *Lemings v. R. R.,* 211 N. C., 499, 191 S. E., 39, where a nonsuit was sustained when a drunken pedestrian was killed by a moving train while he was sitting on a crosstie, with his elbows on his knees, and with his head between his hands. We think the two cases are sufficiently different to lead to opposite results so far as the motions to nonsuit are concerned. Here, there is evidence permitting the inference that plaintiff's intestate and his companion were down on the track apparently in a helpless condition, while in the *Lemings case, supra,* no such evidence appeared.

The instant case falls within the line of decisions of which *Henderson v. R. R.,* 159 N. C., 581, 75 S. E., 1092, and *Jenkins v. R. R.,* 196 N. C., 466, 146 S. E., 83, may be cited as fairly illustrative. In *Cummings v. R. R., ante,* 127, the pertinent authorities are reviewed and the principles of liability and nonliability in such cases clearly stated. What was there said is applicable here. To reiterate the substance of that opinion would only be to plow again the field which has been so recently furrowed with accuracy and precision.

On the record as presented, there was error in withholding the case from the jury

Reversed.