GEORGE L. WADE, JR., BY HIS NEXT FRIEND, GEORGE L. WADE. v. JONES SAUSAGE COMPANY AND M. R. HICKS.

(Filed 24 February, 1954.)

**1. Automobiles § 18e: Negligence § 10—**

Plaintiff pedestrian, in invoking the doctrine of last clear chance, must show that he negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care, that defendant motorist discovered, or by the exercise of reasonable care should have discovered, plaintiff's position of peril and his incapacity to escape from it before injury, and in time to have avoided the injury to plaintiff with the means at hand, and that defendant negligently failed to use the available time and means to avoid the injury, and injured him.

**2. Automobiles § 18j—Evidence held to raise issue of last clear chance for determination of jury.**

Plaintiff's evidence tended to show that he was subject to dizzy spells of a disabling character, that notwithstanding he undertook to walk upon the main traveled portion of a highway at nighttime, became dizzy, lost consciousness and fell on the hard surface, that the truck driven by defendant employee had headlights burning, rendering plaintiff's prostrate body visible when the vehicle was some 225 feet away, and that the truck, driven at a speed of some forty-five miles per hour, continued at unabated speed and ran over plaintiff's ankles and feet, inflicting injury, notwithstanding that the driver, throughout the intervening 225 feet, could have avoided striking plaintiff by stopping the truck or by driving it onto the shoulder of the highway. *Held:* The evidence was sufficient to require the submission of the issue of the last clear chance to the jury.

APPEAL by defendants from *Bone, J.,* and a jury, at November Term, 1953, of EDGECOMBE.

Civil action in which a pedestrian seeks to hold the owner and the operator of a motor vehicle liable for his personal injuries under the last clear chance or discovered peril doctrine.

This action arose out of an accident which occurred about 4 a.m. on 24 July, 1952, upon United States Highway 64, in Edgecombe County, when a motor truck owned by the defendant Jones Sausage Company and operated by its employee, the defendant M. R. Hicks, ran over the plaintiff George L. Wade, Jr., who was lying on the traveled part of the roadway. Hicks was admittedly performing a business mission for his employer. Both sides offered evidence at the trial.

These issues arose on the pleadings, and were submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint?

2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer?

3. Notwithstanding plaintiff's own contributory negligence, could the defendants, through the exercise of due care, have avoided the injury to the plaintiff, as alleged in the complaint?

4. What damages, if any, is plaintiff entitled to recover?

The jury answered the first issue "yes," the second issue "yes," the third issue "yes," and the fourth issue "$4,054.50." The trial judge entered judgment for the plaintiff in accordance with the verdict, and the defendants excepted and appealed, assigning as error the disallowance of their motion for a compulsory nonsuit, the submission of the third issue to the jury, and the refusal of their request for a peremptory instruction in their favor on the third issue.

*Fountain, Fountain & Bridges for plaintiff, appellee.*
*Spruill & Spruill for defendants, appellants.*

ERVIN, J.  The defendants assert that the evidence does not bring the plaintiff's claim within the purview of the last clear chance or discovered peril doctrine, and that their assignments of error ought to be sustained on that ground.

Where an injured pedestrian who has been guilty of contributory negligence invokes the last clear chance or discovered peril doctrine against the driver of a motor vehicle which struck and injured him, he must establish these four elements: (1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him. *Dowdy v. R. R.,* 237 N.C. 519, 75 S.E. 2d 639; *Lee v. R. R.,* 237 N.C. 357, 75 S.E. 2d 143; *Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361; *Manufacturing Co. v. R. R.,* 233 N.C. 661, 65 S.E. 2d 379; *Osborne v. R. R.,* 233 N.C. 215, 63 S.E. 2d 147; *Aydlett v. Keim,* 232 N.C. 367, 61 S.E. 2d 109; *Ingram v. Smoky Mountain Stages, Inc.,* 225 N.C. 444, 35 S.E. 2d 337; *Mercer v. Powell,* 218 N.C. 642, 12 S.E. 2d 227; *Van Dyke v. Atlantic Greyhound Corp.,* 218 N.C. 283, 10 S.E. 2d 727; *Cummings v. R. R.,* 217 N.C. 127, 6 S.E. 2d 837; *Hunter v. Bruton,* 216 N.C. 540, 5 S.E. 2d 719; *Newbern v. Leary,* 215 N.C. 134, 1 S.E. 2d 384; *Taylor v. Rierson,* 210 N.C. 185, 185 S.E. 627; *Morris v. Transpor-*

*tation Co.,* 208 N.C. 807, 182 S.E. 487; *Miller v. R. R.,* 205 N.C. 17, 169 S.E. 811; *Caudle v. R. R.,* 202 N.C. 404, 163 S.E. 122; *Jenkins v. R. R.,* 197 N.C. 786, 148 S.E. 926; *S. c.,* 196 N.C. 466, 146 S.E. 83; *Redmond v. R. R.,* 196 N.C. 768, 147 S.E. 287; *Redmon v. R. R.,* 195 N.C. 764, 143 S.E. 829; *Construction Co. v. R. R.,* 185 N.C. 43, 116 S.E. 3; *Fry v. Utilities Co.,* 183 N.C. 281, 111 S.E. 354; *McManus v. R.R.,* 174 N.C. 735, 94 S.E. 455; *Cullifer v. R. R.,* 168 N.C. 309, 84 S.E. 400; *Edge v. Railway Company,* 153 N.C. 212, 69 S.E. 74; *Styles v. Railroad,* 118 N.C. 1084, 24 S.E. 740; *Gunter v. Wicker,* 85 N.C. 310.

When the evidence is interpreted in the light most favorable to the plaintiff, it reveals this factual situation:

United States Highway No. 64, which runs east and west through Edgecombe County, is paved to a width of twenty feet. It has a dirt shoulder ten feet wide on each side. The plaintiff is subject to dizzy spells of a disabling character. Despite this infirmity, he undertook to walk eastward upon the main-traveled portion of the highway sometime before four o'clock on the morning of 24 July, 1952. While so doing, he became dizzy, lost consciousness, fell, and came to rest athwart the center of the pavement with his feet and legs projecting into the southern traffic lane. Shortly thereafter the defendant Hicks came upon the scene from the west, driving his employer's eastbound motor truck along the southern traffic lane at a speed of about forty-five miles an hour. The truck was equipped with burning headlights which fell upon the plaintiff's helpless and prostrate body and rendered it plainly visible to Hicks when the vehicle in his charge was 225 feet away. Although he could have seen the plaintiff throughout the intervening 225 feet and could have avoided striking him by stopping the truck or by driving it onto the southern shoulder of the highway, Hicks drove the vehicle straight ahead at unabated speed along the southern traffic lane and ran over the plaintiff's ankles and feet, inflicting painful and permanent injuries upon him.

These facts bring the plaintiff's claim within the protection of the last clear chance or discovered peril doctrine. As a consequence, the judgment of the Superior Court will be sustained.

No error.