Joseph J. SPEARS, Plaintiff

v.

Dorothy Sparks HYATT, Defendant.

Civil No. 1373.

United States District Court
W. D. North Carolina,
Charlotte Division.

Dec. 31, 1958.

Warren C. Stack, William E. Graham, Jr., Charlotte, N. C., for plaintiff.

Carpenter & Webb, Charlotte, N. C., for defendant.

WARLICK, District Judge.

This action is laid in negligence and is here on the ground of a diversity of

citizenship. Title 28 U.S.C.A. § 1332. Recovery in the sum of $30,000 is sought by plaintiff in full satisfaction of his alleged injuries. His allegations are to the effect that on the morning of January 23, 1958, he was stricken and knocked down by an automobile operated by the defendant on Highway #· 21 in Mecklenburg County, near Charlotte, North Carolina, and that he was seriously and permanently injured. His action basically seeks a recovery on the alleged grounds of defendant's negligence, but more specifically through the doctrine of the *last clear chance or discovered peril*. The facts are not much in dispute. The case was heard by the court.

On January 23, 1958, at approximately 7:45 in the morning, plaintiff was either standing on the eastern edge of Highway #· 21 or on the shoulder thereof, preparatory to crossing said highway to go to his work at the Williams-Shelton Company located on the opposite or western side of said highway; and that evidently without looking or observing travel on said highway, either walked rapidly or ran from his position on the eastern side thereof toward the middle of said roadway, and when near the center was stricken by an automobile operated by the defendant and was seriously and permanently injured. The defendant was driving northwardly in her 1955 Chevrolet automobile from her home in Pineville, North Carolina to her work in Charlotte, and on reaching the intersection of Woodlawn Avenue and Highway # 21, came to a stop, obedient to a traffic signal. Travelling in the same direction and immediately in front of defendant was a large tractor-trailer truck which likewise came to a stop. The highway is approximately 21 feet in width with a painted center, and two traffic lanes, and at this point is straight for approximately 1,000 feet, and is uphill. When the light changed and the vehicles moved the defendant was approximately 40–50 feet to the rear of the tractor-trailer and at the time when her automobile collided with the plaintiff was travelling about 35–40 miles an hour. The highway here is zoned at 55 miles an hour. As the tractor-trailer passed the spot opposite the position of the plaintiff, he, without any warning whatever, began to walk rapidly or run toward the center of the road, in no wise undertaking to observe the approach of defendant's car or any other vehicle that might be involved with his movements. With that situation staring her in the face the defendant turned her car to the left and toward the center of the highway in an effort to avoid striking the plaintiff; her movements however were not successful as the plaintiff ran into the righthand front side of defendant's automobile,—evidently first coming in contact with the right fender behind the headlight, and then colliding with the windshield on the right side, and was knocked to the pavement. All the evidence at hand indicates that the defendant's automobile was virtually straddling the center line and that after colliding with the plaintiff, skidded for approximately 84 feet to the righthand edge of said roadway. Defendant was going up grade and the collision took place on or near the crest of the hill.

Plaintiff contends that he is entitled to a recovery even though he failed to look for and observe traffic on the highway and carelessly and negligently left a place of, safety to cross over said highway without further observing the conditions thereon; that the defendant should have seen his precarious position and having the opportunity of discovering his peril should have avoided striking and injuring him.

The defendant contends that plaintiff immediately following the passage of the tractor-trailer and while looking in an opposite direction from that of defendant, darted out in the highway in front of her oncoming automobile and created a situation from which no other circumstance could have arisen, other than that which proximately came about through his negligence; that she should not be held to accountability for the injuries

plaintiff suffered and sustained on account thereof; for that the evidence in this case does not in any sense bring the plaintiff's claim against her within the meaning of the doctrine of the last clear chance or that of a discovered peril.

I am of the opinion that defendant's theory is a correct one under the facts in this case and that plaintiff should not have a recovery against her for the injuries he suffered and sustained. Clearly from the evidence heard, defendant could hardly have done other than that which she did; she applied her brakes, instantly turned her car away from plaintiff's line of travel; and obviously did all one could in a moment's flash or an eye's twinkle. At most defendant did not have more than a second or two to come to a decision. Plaintiff negligently made the situation. Defendant responded normally but did not have sufficient time to discover the peril and avoid the injury afflicted.

As Mr. Justice Barnhill, later Chief Justice of the Supreme Court of North Carolina, said in Ingram v. Smoky Mountain Stages, 225 N.C., 444, 35 S.E. 2d 337, 339:

"The doctrine of last clear chance, otherwise known as the doctrine of discovered peril, is accepted law in this State. It is this: The contributory negligence of the plaintiff does not preclude a recovery where it is made to appear that the defendant, by exercising reasonable care and prudence, might have avoided the injurious consequences to the plaintiff, notwithstanding plaintiff's negligence; that is, that by the exercise of reasonable care defendant might have discovered the perilous position of the party injured or killed and have avoided the injury, but failed to do so. Haynes v. Southern R. Co., 182 N.C. 679, 110 S.E. 56, and cases cited; Redmon v. Southern R. Co., 195 N.C. 764, 143 S.E. 829; Caudle v. Seaboard Air Line R. Co., 202 N.C. 404, 163 S.E. 122;

Jenkins v. Southern R. Co., 196 N.C. 466, 146 S.E. 83; Taylor v. Rierson, 210 N.C. 185, 185 S.E. 627.

"The practical import of the doctrine is that a negligent defendant is held liable to a negligent plaintiff if the defendant, being aware of plaintiff's peril, or in the exercise of due care should have been aware of it in time to avoid injury, had in fact a later opportunity than the plaintiff to avoid the accident. 38 Am.Jur. 901.

"Peril and the discovery of such peril in time to avoid injury constitutes the backlog of the doctrine. Miller v. Southern R. Co., 205 N.C. 17, 169 S.E. 811; Hunter v. Bruton, 216 N.C. 540, 5 S.E.2d 719. It presupposes negligence on the part of defendant and contributory negligence on the part of the party injured or killed which, in the absence of the doctrine, would preclude recovery in spite of defendant's negligence. Redmon v. Southern R. Co., supra; Cummings v. Atlantic Coast Line R. Co., 217 N.C. 127, 6 S.E.2d 837; Mercer v. Powell, 218 N.C. 642, 12 S.E.2d 227. Its application is invoked only in the event it is made to appear that there was an appreciable interval of time between plaintiff's negligence and his injury during which the defendant by the exercise of ordinary care, could or should have avoided the effect of plaintiff's prior negligence. Bailey v. North Carolina R. Co., 223 N.C. 244, 25 S.E.2d 833; Hudson v. Norfolk Southern R. Co., 190 N.C. 116, 129 S.E. 146."

Again this principle is set out in Wade v. Jones Sausage Co., 239 N.C. 524, 80 S.E.2d 150, 151:

"Where an injured pedestrian who has been guilty of contributory negligence invokes the last clear chance or discovered peril doctrine against the driver of a motor vehicle which struck and injured him, he must establish these four elements: (1)

That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) That the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) That the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him. Dowdy v. Southern R. R. Co., 237 N.C. 519, 75 S.E.2d 639; Lee v. Atlantic Coast Line R. R. Co., 237 N.C. 357, 75 S.E.2d 143; Matheny v. Central Motor Lines, 233 N.C. 673, 65 S.E.2d 361; Mount Olive Manufacturing Co. v. Atlantic Coast Line R. R. Co., 233 N.C. 661, 65 S.E.2d 379; [and many others cited.]"

However, plaintiff insists that the holdings of the court in the above cited cases, though the law applicable to North Carolina, are somewhat if not wholly changed in this Circuit by the case of Cagle v. Norfolk Southern Ry. Co., 4 Cir., 242 F.2d 405, wherein Judge Sobeloff in writing the opinion for the court came to the conclusion that the facts therein warranted the submission of the issues to the jury, and that the trial judge was in error in granting judgment on the pleadings. A careful study of the opinion indicates that the thinking of the court was clearly in line with the decisions of the Supreme Court of North Carolina and that the case should have been submitted to the jury for trial.

My conclusion therefore is that plaintiff is not entitled to a recovery and accordingly his prayer is denied.

Judgment accordingly.