IOLA G. SENTER v. MAE McKOY CORE.

(Filed 16 December, 1964.)

**Automobiles §§ 41l, 42k, 45—**

Nonsuit held proper in this action to recover for injuries sustained when plaintiff stepped from behind a parked car on a rainy night and was struck by defendant's car immediately after another car had passed in the opposite direction, either upon the principle question of liability or upon the ground of contributory negligence, there being insufficient evidence to bring into play the doctrine of last clear chance.

APPEAL by plaintiff from a judgment of compulsory nonsuit entered at the close of all the evidence by *Mallard, J.*, May 1964 Civil Session of DURHAM.

*C. Horton Poe, Jr., for plaintiff appellant.*
*Bryant, Lipton, Bryant & Battle by Victor S. Bryant, Jr., for defendant appellee.*

PER CURIAM. Plaintiff's evidence shows the following facts: On 9 November 1962 she was 60 years old and resided at 811 Buchanan Boulevard in the city of Durham. This boulevard runs north and south and her residence is situate on its west side about 225 feet north of its intersection with Markham Avenue. This boulevard is paved and is about 30 feet wide in front of her house. Parking of automobiles is permitted on its east side and not on its west side. About 5 p.m. on this day she came out of her house to cross the boulevard to where her brother was sitting in his automobile parked near the curb on the east side of the boulevard headed north a short distance north of the front of her house, to go to a grocery store. It was raining and dark. She had on a gray winter coat and was carrying a large black umbrella. She stood at the curb in front of her house, looked to the left, and saw an automobile approaching from the north going south. She waited for this automobile to pass. She then looked to the south and saw no approaching automobile. She then proceeded to cross the boulevard to her brother's automobile, walking straight in an easterly direction. When she reached about the center of the boulevard, she looked south to her right and saw a dim light of an automobile about 225 or 250 feet to the south headed north on the boulevard. She testified on direct examination: "When she was about one step from the rear of her brother's motor vehicle she was struck by an automobile driven by the defendant, Mae McKoy Core, and that the impact caused her to roll over and over on the pavement." She testified on cross-examination in respect to the automobile that struck her: "I saw the car one time and after that, I did not look back at it again." Defendant's automobile came to a stop about five or eight feet beyond her brother's automobile. While she was lying on the pavement, defendant came to her and said she was sorry, she did not see her. When defendant's automobile stopped on the boulevard, it had its parking lights turned on. Plaintiff offered no direct testimony as to the speed of defendant's automobile.

Defendant's evidence shows these facts: She was driving her automobile north on Buchanan Boulevard at a speed of about 20 miles an hour. It was raining and the street was wet. She had her headlights on.

She was meeting an automobile. When it passed her, plaintiff walked from behind it about two feet in front of her automobile. She applied her brakes and stopped in two or three feet.

It seems that plaintiff was crossing the boulevard at a place where there was no marked crosswalk. Considering plaintiff's evidence, and so much of defendant's evidence as is favorable to her or tends to clarify or explain evidence offered by her not inconsistent therewith, in the light most favorable to plaintiff, and ignoring defendant's evidence which tends to establish another and different state of facts or which tends to contradict or impeach the evidence presented by plaintiff, it is our opinion, and we so hold, that plaintiff has failed to make out a case of actionable negligence against defendant. *Grant v. Royal,* 250 N.C. 366, 108 S.E. 2d 627. We are also constrained to hold that the motion for judgment of compulsory nonsuit should have been sustained, if not upon the principal question of liability, then upon the ground of contributory negligence. There is no evidence in the record to bring into play the doctrine of last clear chance, according to the statement of that doctrine in *Wade v. Sausage Co.,* 239 N.C. 524, 80 S.E. 2d 150.

The judgment of compulsory nonsuit below is

Affirmed.