ROSCOE McNEIL, ADMINISTRATOR OF THE ESTATE OF WILLIAM EARL McNEIL v. JOHNNIE EDWARD WILLIAMS

No. 727SC343

(Filed 25 October 1972)

1. Evidence § 51— alcohol content of blood — expert testimony

Testimony by an expert that in his opinion a person whose blood showed an alcohol content of .17% was under the influence of alcohol was competent and admissible in an action for wrongful death.

2. Appeal and Error § 30— testimony admitted over objection — similar testimony subsequently admitted without objection

Plaintiff waived his objection to the admission of testimony by an expert witness with respect to the effects of alcohol upon a person under the influence when the same testimony and elaboration thereon were subsequently allowed into evidence without objection.

3. Negligence § 12— fatal injury to pedestrian — applicability of last clear chance

The trial court in a wrongful death action properly refused to submit the issue of last clear chance to the jury where the evidence tended to show that plaintiff's intestate, wearing dark clothes, was walking on the left side of the hard surface of the highway, that defendant pulled into the left lane to pass another vehicle proceeding in the same direction, that defendant was traveling at a speed within the posted limits, that defendant's vehicle was completely on the hard surface of the highway at the time of impact, and that defendant did not see decedent until the moment of impact.

APPEAL by plaintiff from *Cowper, Judge,* November 1971 Civil Session of Superior Court held in WILSON County.

This is an action for wrongful death brought by plaintiff administrator alleging that his intestate died as the result of being struck by a motor vehicle negligently operated by defendant.

Plaintiff's evidence pertinent to this appeal is summarized as follows: A portion of Rural Paved Road #1146 runs in an east-west direction in Edgecombe County. On 29 November 1969 at approximately 6:30 p.m., one Johnnie Lovely was driving his automobile in an easterly direction on said highway at about 35 or 40 m.p.h. He observed plaintiff's decedent on the north shoulder of said highway. Immediately thereafter a 1958 Chevrolet one-ton truck operated by defendant attempted to pass Lovely and struck plaintiff's decedent, who died shortly thereafter. In the area where decedent was struck, the high-

way was straight for approximately one mile, the pavement on the road was approximately 20 feet wide, and the north shoulder was two or two and one-half feet wide. Several house trailers were on each side of the road and the road was unlighted except from lights extending from the house trailers. The weather was clear and the speed limit was 55 m.p.h. The left front fender and headlight of defendant's truck sustained minor damage.

Defendant's evidence tended to show: Defendant, accompanied by his wife, was driving his truck in an easterly direction on said highway. As he approached the automobile being driven by Johnnie Lovely, he signaled to pass. While in the act of passing and as he reached a point adjacent to the Lovely automobile, defendant saw decedent walking in an easterly direction on the left edge of the pavement, but defendant did not have time to stop or attempt to stop before striking decedent. Defendant was driving not more than 45 m.p.h. at the time.

Further pertinent facts are set forth in the opinion.

Issues of negligence, contributory negligence and damage were submitted to the jury, who answered the negligence and contributory negligence issues in the affirmative. From judgment that plaintiff recover nothing of defendant, plaintiff appealed.

*Farris & Thomas by Robert A. Farris for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley, P. A. by Robert R. Spencer for defendant appellee.*

PARKER, Judge.

Plaintiff's first assignment of error is stated as follows: "It is submitted that His Honor erred in allowing into evidence opinion testimony concerning intoxication and the effects that a certain percentage of alcohol in the blood would have on Plaintiff's intestate, when the witness had not observed the deceased, nor was there any evidence that the deceased acted in any way but normal. This evidence was included in the charge by the presiding Judge, all to the prejudice of the Plaintiff."

[1] This assignment of error relates to the testimony of Dr. McBay, who was stipulated to be an expert toxicologist. His

testimony followed the unchallenged testimony of a laboratory technician from the Department of Pathology of N. C. Memorial Hospital to the effect that a test of decedent's blood following his death disclosed an ethyl alcohol content of .17%. Over objection, Dr. McBay testified that in his opinion a person whose blood showed .17% of alcohol was definitely under the influence of alcohol. We hold that the evidence was competent. *Osborne v. Ice Company,* 249 N.C. 387, 106 S.E. 2d 573, and cases therein cited.

[2] Thereafter Dr. McBay was permitted to testify, over objection by plaintiff, that a person under the influence of alcohol would lack coordination, would have visual difficulties, particularly in the evening, and would lack judgment. Assuming, *arguendo,* that this testimony was inadmissible, the record reveals that the witness was then allowed, without objection, not only to repeat the testimony in substance but to elaborate on it. Exception to the admission of testimony is waived when testimony of the same import is thereafter admitted without objection. *Harvel's, Inc. v. Eggleston,* 268 N.C. 388, 150 S.E. 2d 786.

Plaintiff's first assignment of error is overruled.

By his second assignment of error, plaintiff contends that the trial court expressed an opinion unfavorable to plaintiff in the presence of the jury. We have carefully reviewed the record relating to the three exceptions included in this assignment and conclude that the court did not express an opinion. This assignment of error is overruled.

[3] By his third assignment of error, plaintiff contends the court erred in failing to submit to the jury the issue of last clear chance. In *Wade v. Sausage Co.,* 239 N.C. 524, 525, 80 S.E. 2d 150, 151, cited by plaintiff, Ervin, Justice, speaking for the Court said:

"Where an injured pedestrian who has been guilty of contributory negligence invokes the last clear chance or discovered peril doctrine against the driver of a motor vehicle which struck and injured him, he must establish these four elements: (1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could

have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him."

In *Wade* the Court held the doctrine of last clear chance applied, but we think the facts therein are clearly distinguishable from the facts in the case at bar. In *Wade,* the evidence was sufficient to show: Plaintiff was subject to dizzy spells of a disabling character; while walking on the main-traveled portion of a highway before 4:00 o'clock in the morning, plaintiff became dizzy, lost consciousness, fell, and came to rest athwart the center of the pavement with his feet and legs projecting into the southern traffic lane; while in this helpless position and visible to defendant driver for 225 feet, plaintiff was struck by defendant's vehicle. In the case at bar there was no evidence that decedent placed himself in a position of peril *from which he could not escape* by the exercise of reasonable care, or that defendant knew, or by the exercise of reasonable care could have discovered, decedent's perilous position and *his incapacity to escape from it,* or that defendant had the time and means to avoid injury to decedent by the exercise of reasonable care after he discovered, or should have discovered, decedent's perilous position and *his incapacity to escape from it.*

Plaintiff's witness Lovely testified that immediately before decedent was struck the witness saw decedent on the left shoulder of the road. Defendant testified that he did not see decedent until the moment of impact, and he and his wife testified that defendant's truck was completely on the hard surface at the time of impact. The investigating highway trooper, offered as a witness by plaintiff, testified that defendant told him immediately after the accident that "he was proceeding east and had just pulled out to pass another vehicle proceeding in the same direction" and did not see decedent who was walking on the left side of the hard surface of the highway until it was too late to stop. The trooper further testified that he

examined the shoulder of the road adjacent to the point of impact but did not find any tire marks or skid marks on the shoulder. Deceased was wearing dark clothes.

We hold that the trial court properly refused to submit the issue of last clear chance and the assignment of error relating thereto is overruled.

We have carefully considered the other assignments of error brought forward and argued in plaintiff's brief but finding them without merit, they are overruled.

No error.

Judges BRITT and HEDRICK concur.