WILLIAM BATTLE v. CLEAVE & ROGERS, RECEIVERS OF THE CHAMPION LUMBER COMPANY.

(Filed 20 December, 1919.)

**1. Railroads—Derailment—Negligence—Evidence—Nonsuit—Trials.**

Upon evidence tending to show that while plaintiff, an employee of the defendant railroad, was riding with the defendant's superintendent on a hand or push car, recently repaired in the defendant's shop, the two front wheels "dropped on the track"; which the superintendent explained as a certain lack of proper repair, and that the car should be sent back to the shop; that further along on a trestle the same thing again occurred, throwing plaintiff to his injury: *Held,* the derailment of the car was in itself evidence of negligence, and taken with the other testimony as to the defective repair of the car, a motion as of nonsuit was properly disallowed.

**2. Evidence—Nonsuit—Trials.**

Where the defendant, in an action to recover damages for a personal injury alleged to have been negligently inflicted, relies for defense upon the plaintiff's contributory negligence, and there is evidence that the defendant's negligence caused the injury alleged, the burden of showing this defense is on the defendant, and a motion as of nonsuit may never be allowed on such issue where the pertinent and controlling facts are in dispute, or where opposing inferences are permissible from plaintiff's proof, or where it is necessary in support of the motion to rely, in whole or in part, on evidence offered for the defense.

**3. Same—Contributory Negligence—Instructions—Verdict Directing.**

Upon evidence showing that the superintendent of defendant railroad company had just brought the defendant's hand car from the defendant's repair shop, and upon its being derailed while he and the plaintiff were riding thereon he stated "they had not adjusted the car properly, and it would have to go back to the shop"; that further on the car again became derailed in like manner, at a trestle, throwing the plaintiff some eight or ten feet to his injury, the superintendent remaining unhurt, and affording evidence of the defendant's actionable negligence: *Held,* the suggestion of the superintendent did not give import of such menace as to constitute contributory negligence on the part of the plaintiff in continuing to ride with him, and operate the car under the circumstances, and the charge to the jury in this case that there was no evidence thereof is sustained.

CIVIL ACTION, tried before *McElroy, J.,* and a jury, at May Term, 1919, of JACKSON.

The action is to recover damages for physical injuries caused by negligence of defendants in the equipment and operation of the railroad of defendant company.

There was denial of liability and plea of contributory negligence on part of plaintiff, and, on issues so raised, verdict for plaintiff. Judgment on verdict, and defendant excepted and appealed.

*Sutton & Stillwell and Martin, Rollins & Wright for plaintiff.*
*Stevens & Anderson for defendants.*

HOKE, J. The facts in evidence appearing from plaintiff's own testimony, the only witness examined, tend to show that in June, 1918, in the employment of defendants as log scaler, he was out at one of the camps, several miles from the plant or central station at Crestmont; that the superintendent of the logging force, a Mr. Heatherby, had come out to the camp over the company's road on a lever or push car, the car having just been repaired, and, when they were ready, the two put the car back on the track and started on their return to Crestmont. Soon after starting the two front wheels of the car "dropped from the track." Heatherby said, in explanation, that "they had tightened both front

wheels on the axle and one of them should be loose. The car then ran on without incident till they were going over a trestle near Crestmont, at 4 or 5 miles an hour, when it again left the track, throwing plaintiff to the ground, a fall of 8 to 10 feet, and the car fell on him, causing painful, serious, and protracted injuries. Heatherby, who was not hurt, lifted the car off plaintiff, and, in doing so, said: "They had not adjusted the car properly, and it would have to go back to the shop."

On this, the principle evidence relevant to the inquiry, the jury have established liability of defendants, and, on careful consideration, we find no reason for disturbing the results of the trial.

It is chiefly objected for defendants that the trial court should have allowed their motion to nonsuit, but the exception is without merit.

Under our decisions bearing on the question, the derailment of the car raises a presumption of negligence sufficient of itself to carry the case to the jury on the issue as to defendant's breach of duty. *Wallace v. Power Co.,* 176 N. C., 558; *Mumpower v. R. R.,* 174 N. C., 742; *Overcash v. R. R.,* 144 N. C., 577. And, in addition, there are the direct statements of the superintendent, made at the time of the occurrence, tending to show negligence in the recent repairs of the car made at the company shops.

It is earnestly insisted for defendant, however, that judgment of nonsuit should have been entered by reason of contributory negligence on the part of the plaintiff. Such a judgment has been given in rare instances on the grounds suggested, and where, from the proof offered in support of plaintiff's cause of action, it clearly appears that his own negligence has been the proximate cause of the injury or one of them. *Dunnevant v. R. R.,* 167 N. C., 232; *Mitchell v. R. R.,* 153 N. C., 116; *Strickland v. R. R.,* 150 N. C., 4.

The burden of showing contributory negligence, however, is on the defendant, and the motion for nonsuit may never be allowed on such an issue where the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof, nor where it is necessary in support of the motion to rely, in whole or in part, on evidence offered for the defense. *Russel v. R. R.,* 118 N. C., 1098; *House v. R. R.,* 131 N. C., 103.

In the present instance, while the plaintiff's testimony shows that the two front wheels had run off the track as they started back to the plant, and the superintendent had said they had tightened both wheels when one should have been loose, it also shows that the car had just been repaired at the shops; that the superintendent had himself just brought it out from the plant without mishap; that it was put back on the track and was being operated under his immediate supervision, and, under all the facts and attendant circumstances, there was nothing to show that

the defect suggested by the superintendent gave import of such menace as to constitute contributory negligence in the further use of the car, and assuredly it did not follow as a conclusion of law from plaintiff's proof.

It is further objected that his Honor charged the jury "that there was no evidence of contributory negligence on the part of plaintiff as alleged in the answer." The only contributory negligence stated and relied upon in the answer is that plaintiff was negligent in operating the car, and in the way he endeavored to jump off same when it became derailed at the trestle, and a perusal of the facts in evidence shows that the charge of his Honor is fully justified and sustained. ·

We find no reversible error in the record, and the judgment for plaintiff is

Affirmed.