YELLOW CAB COMPANY OF CHARLOTTE, INC., v. RICHARD M. SANDERS.

(Filed 24 November, 1943.)

**1. Trial § 29b—**

When the court undertakes to charge the jury upon a particular phase of the evidence, it must state the law applicable to the respective contentions of each party thereupon.

**2. Automobiles § 12c—**

If plaintiff's automobile enters the intersection of two streets, at a time when the approaching car of defendant is far enough away to justify a person in believing that, in the exercise of reasonable care and prudence, he may safely pass over the intersection ahead of the oncoming car, the plaintiff has the right of way, and it is the duty of the defendant to reduce his speed and bring his car under control and yield.

APPEAL by plaintiff from *Blackstock, Special Judge,* at September Term, 1943, of MECKLENBURG.

This is an action to recover damages for injury to a yellow taxicab of the plaintiff, driven by one Gainey, inflicted in a collision with an automobile of the defendant driven by himself, alleged to have been proximately caused by the negligence of the defendant, wherein the defendant interposed a plea of contributory negligence in bar of any recovery by the plaintiff. There is also a counter action by the defendant against the plaintiff for damages for injury inflicted on his automobile in the same collision alleged to have been proximately caused by the negligence of the plaintiff.

The jury for their verdict, upon appropriate issues, found that the plaintiff's automobile was damaged by the negligence of the defendant, and that the plaintiff by its own negligence contributed to its damage, and that neither party was entitled to recover.

From judgment predicated on the verdict the plaintiff appealed, assigning errors.

*H. C. Jones and Brock Barkley for plaintiff, appellant.*
*Frank H. Kennedy and Hunter M. Jones for defendant, appellee.*

SCHENCK, J. The plaintiff alleged and offered evidence tending to prove that its yellow taxicab, driven by one Gainey, was being driven in a northern direction on Poplar Street in the city of Charlotte, toward the intersection of Poplar Street nad Third Street, that when the cab reached Third Street it was stopped, and the driver looked in both directions, east and west, that he observed only the defendant's automobile approaching from his right, from the east coming westward

toward the intersection; that the defendant's automobile was 125 feet, one-half block from the intersection; that the plaintiff's cab was then driven into the intersection with the view to crossing Third Street, and proceeded two-thirds of the way across Third Street when it was struck by the defendant's automobile on its right side and was hurled to the northwest corner of the intersection; that the plaintiff's taxicab was being driven between 15 and 20 miles per hour and the defendant's automobile was being driven between 25 and 35 miles per hour when they entered the intersection; that the defendant's automobile did not slacken its speed as it approached the intersection.

The defendant alleged and offered evidence tending to prove that his automobile, driven by him in a western direction on Third Street, toward the intersection of Third Street and Poplar Street, and the plaintiff's taxicab, driven in a northern direction on Poplar Street, approached or entered the intersection of said streets at approximately the same time; that the defendant's automobile on Third Street was to the right of the plaintiff's taxicab on Poplar Street; that as the defendant's automobile entered the intersection the plaintiff's cab was speeded up to cross in front of defendant's automobile, and the said automobile collided with said taxicab on its right side.

It will be observed that it is contended by the plaintiff that his taxicab reached the intersection of the two streets an appreciable time before the defendant's automobile reached it, that the defendant's automobile was 125 feet from the intersection when plaintiff's cab reached it, and therefore that the driver of the plaintiff's cab had the right of way in the intersection. While on the contrary, it is contended by the defendant that the two motor vehicles reached the intersection at approximately the same time, and that the defendant's automobile being on the right side of the plaintiff's cab, the driver of the defendant's automobile had the right of way in the intersection.

There appear in the record and are set out in the brief of the plaintiff, appellant, as exceptive assignments of error the following:

"The Court failed to instruct the jury and to explain to the jury the law applicable to plaintiff's evidence and contentions with regard to plaintiff's right to proceed across the intersection; that, while the Court specifically charged the jury with regard to the defendant's right of way if the two cars approached the intersection at approximately the same time, he failed to charge the jury with regard to the plaintiff's right to proceed if its cab entered the intersection when the defendant's car was an appreciable distance away, which is plaintiff's Exception No. 11.

"The Court further failed to instruct the jury as to the law applicable to plaintiff's evidence and contentions with regard to the plaintiff's right

to assume that the defendant would operate his car, in approaching the intersection, in a reasonably prudent and lawful manner; that, while specifically charging the jury that if the two cars reached the intersection at approximately the same time the defendant would have the right to assume plaintiff would observe the law and yield the right of way, the court failed to charge the jury with regard to plaintiff's right to such assumption if plaintiff's cab reached the intersection when the defendant's car was an appreciable distance away or such distance that it reasonably appeared to plaintiff that the crossing could be made in safety, which is plaintiff's Exception No. 12." We are constrained to hold that these exceptive assignments of error are well taken.

On the second issue, addressed to the contributory negligence of the plaintiff, the court instructed the jury that if the plaintiff's taxicab and the defendant's automobile approached the intersection of the two streets, Poplar and Third, at approximately the same time, the defendant's automobile, being on the right of the plaintiff's cab, would have the right of way; but the court nowhere instructed the jury as to the plaintiff's rights if its cab reached the intersection at a time when the defendant's automobile was 125 feet, a half block, away.

The court further instructed the jury that if the two motor vehicles reached the intersection at approximately the same time the driver of the defendant's automobile, being on the right, would have the right to assume that the driver of the plaintiff's cab, being on the left, would yield the right of way, and to act upon that assumption until it became apparent that a collision was about to occur; but the court failed to give such specific instructions extending to the plaintiff similar rights if plaintiff's cab reached the intersection appreciably before the defendant's automobile, 125 feet or a half block ahead thereof.

When the court undertakes to charge the jury upon a particular phase of the evidence, he must state the law applicable to the respective contentions of each party thereupon. *Roberson v. Stokes,* 181 N. C., 59, 106 S. E., 151; *Real Estate Co. v. Moser,* 175 N. C., 255, 95 S. E., 498; *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630.

The statute upon which the defendant relies, C. S., 2621 (302), prescribes the rights of the parties when they approach or enter a highway intersection at "approximately the same time," providing that "the driver of the vehicle on the left shall yield the right of way to the vehicle on the right," but prescribes no rights when the parties approach or enter a highway intersection at appreciably different times, when one of the vehicles enters when the other is an appreciable distance from the intersection. The rule under such circumstances is stated by *Clarkson, J.,* in *Davis v. Long,* 189 N. C., 129, 126 S. E., 321, by quoting

with approval from *Salmon v. Wilson,* 227 Ill. App., 286, as follows: "It (the right-of-way rule) does not contemplate that the right may be invoked when the car from the right is so far from the intersection at the time the car from the left enters upon it, that, with both running within the recognized limits of speed, the latter will reach the line of crossing before the former will reach the intersection. Under the state of facts in this case plaintiff might reasonably have presumed that defendant would not exceed the speed limits fixed by statute, and that he would be able to cross the intersection before defendant's car reached it."

If the plaintiff's cab entered the intersection of the two streets at a time when the approaching automobile of the defendant was far enough away, so that a person, in the exercise of reasonable care and prudence, would have been justified in believing that he could safely pass over the intersection ahead of the approaching car, the driver of plaintiff's cab had the right of way, *Ward v. Clark,* 179 N. Y. Supp., 466; *Keyes v. Hawley,* 279 Pac., 674, and it was the duty of the defendant, in approaching the intersection occupied by the plaintiff's cab, to decrease his speed, bring his automobile under control, and, if necessary, stop it in order to yield the right of way to the plaintiff's cab, and thereby avoid the collision. If at the time the plaintiff's cab approached and entered the intersection defendant's automobile was a sufficient distance away, when operated at a reasonable and lawful rate of speed, to permit the plaintiff's cab to cross in safety, the driver of plaintiff's cab had the right to assume that the defendant would exercise due caution and approach at a reasonable rate of speed and yield the right of way. The rights of the driver of the plaintiff's cab just delineated are in no way effected by the statute governing the rights of the parties when entering the intersection at approximately the same time.

The court having failed to declare and explain the law applicable to the evidence offered by the plaintiff on the issue of contributory negligence when the law applicable to evidence offered by the defendant on such issue was so declared and explained, there was error which entitles the plaintiff to a new trial, and it is so ordered.

New trial.