N. E. AYDLETT, ADMINISTRATOR OF THE ESTATE OF GROVER CLEVELAND CARTWRIGHT, DECEASED, v. SILAS A. KEIM.

(Filed 20 September, 1950.)

**1. Negligence § 10—**

The doctrine of last clear chance is applicable only when a sufficient interval elapses between the time defendant discovers or should have discovered plaintiff's perilous position to enable a reasonably prudent man in like position to have avoided the injury notwithstanding plaintiff's contributory negligence.

**2. Same—**

Defendant's original or primary negligence is barred by plaintiff's contributory negligence and cannot be relied upon by plaintiff as a basis for the doctrine of last clear chance.

**3. Automobiles §§ 8a, 16—**

Nothing else appearing, a motorist is entitled to assume that a person on the highway will exercise ordinary care for his own safety.

**4. Automobiles § 18e—Evidence held insufficient to support submission of issue of last clear chance.**

Evidence tending to show that defendant turned to his left to avoid a car standing stationary in front of him on his right side of the highway at night, that a man suddenly appeared some three or four feet to the left of the parked car as defendant was passing it, that defendant swerved to his left, but that the man stumbled or walked into the side of defendant's car, causing injuries resulting in death, without evidence as to how long he had been in this position of peril, *is held* insufficient to support the submission of the issue of last clear chance, since there is no evidence that defendant was put on notice that intestate was drunk, ill, or otherwise incapacitated, or, even so, that defendant could or should have discovered the peril in time to have avoided the injury.

**5. Appeal and Error § 23—**

Where the exceptions are separately numbered and only one of them is necessary to be considered in disposing of the appeal, the Supreme Court in its discretion may dispose of the case on its merits notwithstanding failure of appellant to separately assign the exceptions as error. Rule of Practice in the Supreme Court 19 (3).

APPEAL by defendant from *Halstead, Special Judge,* at May Term, 1950, of PASQUOTANK.

Civil action to recover damages for wrongful death.

About 7 :00 o'clock, or shortly thereafter, on 16 April, 1949, the plaintiff's intestate was operating his motor vehicle southwardly on the highway leading from Elizabeth City to Weeksville. Approximately five minutes before he sustained his fatal injury he was observed on the highway between 400 and 500 yards from the point where the accident occurred, driving his car without lights. The car "was being operated in a zig-zag direction . . . between 5 and 10 miles. The car was zig-zagging between the center line of the road and off on the shoulder on the right side." The plaintiff's intestate parked his car on the right hand side of the highway. The right wheels were off the pavement. The paved highway was approximately 22 feet wide. At the time of the accident the motor of plaintiff's intestate's car was running and the left door was partly open. There was evidence that the plaintiff's intestate had been drinking and was under the influence of liquor shortly before the accident. A pint bottle containing a small amount of whiskey was found on the front seat of Cartwright's car by the officer investigating the accident. It is alleged by the plaintiff in his complaint that his intestate had become ill from fumes of carbon monoxide escaping from the engine of his car or from some other reason unknown to plaintiff, and that he parked his car and got out on the highway where he remained momentarily in a dazed or semi-dazed condition, attempting to relieve himself of said illness.

According to defendant's evidence, he saw the Cartwright car when he had approached within approximately 200 feet of it, and when he got within approximately 100 feet of it he saw it was not moving. He further testified, "I then turned out. There was plenty of room to miss the car, turned to my left and slowed down a certain amount, and later, when I got fairly close, a man appeared out there that was not in view before. He appeared to be about 3 or 4 feet from the car, so I tried to allow plenty of room. I pulled over as far as I could and put on my brakes. . . . I should have missed him two and a half or three feet; I missed him; I heard a bump on the side of my car; it was a very slight bump. I could barely hear it and there was no impact. You could not

feel anything. . . . I stopped as quickly as I could, I judge about 20 feet further and looked for a space to get out of the way."

On cross-examination, the defendant further testified: "When I saw the man naturally I swerved as much as I could to get away. . . . I did not swerve to miss the car and did not say I did. I said I saw the car and that I pulled over to miss it and that when I got closer I saw the man and then swerved to the left. My car did not hit Mr. Cartwright. . . . The man was not standing still. He was moving and that is why I pulled over as far as I could."

Miss Donita Keim, daughter of the defendant, testified: "As we were driving along the highway, I noticed that car parked on the road and did not notice the man until we got up very close to the car, and then, as we went by him, my father swerved to miss him, and he walked into the car. I saw him. He either walked or staggered, but he did go into the car as we passed him. I was sitting on the right side, near the window."

The defendant and his daughter were the only eyewitnesses to the accident. The plaintiff, however, offered several witnesses who testified they heard the screaming of brakes and went to the scene of the accident and found Cartwright lying on his back in front of his car. The defendant's car was parked on the left shoulder of the road about 30 or 35 feet from Cartwright's car. These witnesses testified that the defendant testified at the Coroner's hearing that he did not see the parked car until he was "right close up on it and, of course, when he saw it he threw on the brakes and swerved to the left and when he swerved to the left a man was standing beside it and his car struck him."

The plaintiff in his reply alleges that notwithstanding the negligence of the deceased, if any, the defendant by the exercise of reasonable care and prudence might have avoided the injurious consequences to the plaintiff's intestate.

Issues of (1) negligence, (2) contributory negligence, (3) last clear chance, and (4) damages were submitted to the jury, which answered the first three issues "Yes" and awarded damages. The court entered judgment accordingly, and the defendant excepted and appealed.

*John B. McMullan for plaintiff.*
*L. T. Seawell, of Norfolk, Va., and Worth & Horner for defendant.*

DENNY, J. The defendant excepted to the submission of the third issue. Therefore, it becomes necessary to determine whether the evidence adduced in the trial below is sufficient to support a verdict in favor of the plaintiff on that issue. And in our opinion there is no evidence to support an affirmative answer thereto.

The doctrine of last clear chance or discovered peril is firmly established in our law; and is clearly and concisely stated by *Barnhill, J.,*

speaking for the Court in *Ingram v. Smoky Mountain Stages, Inc.*, 225 N.C. 444, 35 S.E. 2d 337, as follows: "The contributory negligence of the plaintiff does not preclude a recovery where it is made to appear that the defendant, by exercising reasonable care and prudence, might have avoided the injurious consequences to the plaintiff, notwithstanding plaintiff's negligence; that is, that by the exercise of reasonable care defendant might have discovered the perilous position of the party injured or killed and have avoided the injury, but failed to do so. *Haynes v. R. R.*, 182 N.C. 679, 110 S.E. 56, and cases cited; *Redmon v. R. R.*, 195 N.C. 764, 143 S.E. 829; *Caudle v. R. R.*, 202 N.C. 404, 163 S.E. 122; *Jenkins v. R. R.*, 196 N.C. 466, 146 S.E. 83; *Taylor v. Reirson*, 210 N.C. 185, 185 S.E. 627."

Applying this doctrine to the evidence in the present case, it does not appear that the defendant was put on notice that plaintiff's intestate was drunk, ill or otherwise incapacitated. Conceding plaintiff's intestate was standing by his car, as contended by the plaintiff, nothing else appearing, the defendant was entitled to assume that he would exercise ordinary care for his own safety. This Court said in *Reeves v. Staley*, 220 N.C. 573, 18 S.E. 2d 246, speaking through *Winborne, J.*: "A motorist is not under a duty of anticipating negligence on the part of others, but in the absence of anything which gives or should give notice to the contrary, a person is entitled to assume, and to act on the assumption, that others will exercise ordinary care for their own safety," citing numerous authorities. See also *Hobbs v. Coach Co.*, 225 N.C. 323, 34 S.E. 2d 211; *Tysinger v. Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246; *Hill v. Lopez*, 228 N.C. 433, 45 S.E. 2d 539; *Cox v. Lee*, 230 N.C. 155, 52 S.E. 2d 355; *Bobbitt v. Haynes*, 231 N.C. 373, 57 S.E. 2d 361.

Moreover we do not think the evidence before us places the plaintiff's intestate in a place of peril until it was too late for the doctrine of last clear chance to be invoked. "The doctrine is clearly inapplicable where the peril and defendant's discovery of the peril or his duty to discover it arose so shortly before the accident as to afford him no opportunity by the exercise of the greatest possible diligence, to avoid the injury. The doctrine contemplates a last 'clear' chance, not a last 'possible' chance, to avoid the accident; it must have been such a chance as would have enabled a reasonably prudent man in like position to have acted effectively." 65 C.J.S., Negligence, Sec. 137 (2), p. 774, *et seq.* There is no evidence to show how long the plaintiff's intestate had been out of his car, or how long he had been on the highway prior to the discovery of his presence thereon by the defendant. The application of the last clear chance doctrine is invoked only where there was a sufficient interval of time between the plaintiff's negligence and his injury during which the defendant, by

the exercise of reasonable care could or should have discovered the perilous position of the plaintiff in time to avoid injuring him.

The original or primary negligence of a defendant, which would warrant answering the first issue in the affirmative, cannot be relied upon by the plaintiff to recover under the last clear chance doctrine. A recovery on the original negligence is barred in such cases by the plaintiff's contributory negligence. The plaintiff's right to recover, notwithstanding his own negligence, must arise out of a factual situation which gave the defendant an opportunity, through the exercise of reasonable care, to have avoided the injury to him, but failed to do so. *Ingram v. Smoky Mountain Stages, Inc., supra;* 38 Am. Jur., Negligence, Sec. 218, p. 903, *et seq.*

The defendant's exception to the submission of the third issue is sustained.

The answer to the first two issues are determinative of the rights of the parties in this action. The contributory negligence of plaintiff's intestate was conceded by the plaintiff in the trial below and the jury so instructed. Consequently the defendant is entitled to judgment.

The case is remanded for judgment in accord with this opinion.

The plaintiff's motion to dismiss the appeal for failure to group and number the exceptions, as required by Rule 19 (3) of the Rules of Practice in the Supreme Court, is disallowed.

Since the disposition of the appeal necessitated the consideration of only one exception, and the exceptions are separately numbered, although not separately assigned as error, we have elected in our discretion to dispose of the case on its merits without referring the transcript to the clerk or some attorney to state the exceptions as authorized by the rule.

Error and remanded.