MRS. EVA V. GOODSON, ADMINISTRATRIX OF THE ESTATE OF WILLIAM WOODROW GOODSON, DECEASED, v. CLARENCE WOODROW WILLIAMS.

(Filed 4 March, 1953.)

**1. Trial § 22a—**

On a motion for judgment as of nonsuit, the plaintiff is entitled to have the evidence considered in the light most favorable to him and to the benefit of every reasonable inference to be drawn therefrom.

**2. Negligence § 19a (1)—**

Nonsuit on the issue of negligence should not be allowed unless the evidence is free from material conflict and the only reasonable inference that can be drawn therefrom is that there was no negligence on the part of the defendant, or that his negligence was not the proximate cause of the injury.

**3. Automobiles §§ 16, 18h (2)—Evidence held for jury on question of negligence in striking pedestrian on highway.**

Evidence tending to show that defendant had dimmed his lights to pass a vehicle traveling in the opposite direction, that as he started to brighten his lights he saw intestate for the first time on the highway in front of him some five feet distant, although the highway was straight and there was no other traffic, that he swerved his car but was unable to avoid striking him, with further testimony of statement by defendant that he couldn't understand how he happened to do it, and testimony of statement of his wife in defendant's presence that defendant swerved to his right and struck intestate as he was almost off the hard surface on the right side of the highway *is held* sufficient to overrule nonsuit on the issue of negligence. G.S. 20-131 (d), G.S. 20-174 (e).

**4. Negligence § 19c—**

Ordinarily, contributory negligence is an affirmative defense which defendant must plead and prove, and nonsuit on the ground of contributory negligence should not be granted unless the plea of such negligence has been so clearly established by plaintiff's own evidence that no other conclusion can reasonably be drawn therefrom.

**5. Automobiles § 16—**

A pedestrian is not guilty of contributory negligence as a matter of law because he fails to yield the right of way to a vehicle on the highway when crossing such highway at an unmarked crossing other than at an intersection. G.S. 20-174 (a).

**6. Same: Automobiles § 18h (3)—**

Evidence tending to show that intestate was crossing the highway at nighttime and was struck by defendant's car just before he had cleared the hard surface on defendant's right, and that the highway was straight and unobstructed except for one vehicle traveling in the opposite direction, *is held* not to disclose contributory negligence on intestate's part as a matter of law.

APPEAL by plaintiff from *Gwyn, J.,* August Term, 1952, of BUNCOMBE.

This is an action for wrongful death resulting from the alleged negligence of the defendant.

The plaintiff's intestate, William Woodrow Goodson, 38 years of age, was killed as a result of being struck by an automobile driven by the defendant. The accident occurred on Sunday night, 4 November, 1951, about 6:55 p.m., on U. S. Highways 19 and 23, approximately two miles west of Enka in Buncombe County.

The defendant was operating his automobile in a westerly direction on said road which is a three-lane highway 30 feet wide. The plaintiff's

intestate was crossing the highway going in a northerly direction. This section of the highway is straight for about one-half mile, and at the point where the accident occurred a car with lights on could be seen approaching from the east for about 200 yards. The speed limit on the section of the road where the accident occurred was 55 miles an hour. The road was upgrade going west.

Fred Almond, a State Highway Patrolman who investigated the accident, arrived at the scene about 30 minutes after it occurred. He testified that when he arrived at the scene, the Williams car was sitting at a northwest angle with the back of the car partly in the center lane and the front in the right-hand lane approximately 10 feet from the body of Mr. Goodson; that the body of Mr. Goodson was lying about two feet from the edge of the pavement on the shoulder of the road on the right-hand side going west; that he observed the car of Mr. Williams, the defendant, and he saw a large dent in the right front fender; that Mr. Williams said he was driving his car about 45 to 50 miles an hour and Mr. Goodson darted out in front of him; that his wife was with him at the time of the accident. On cross-examination this witness further testified that the defendant came to his office shortly after he left the scene of the accident and told him "that he had just met a car and had dimmed his lights and just as he started to brighten his lights, the subject, Mr. Goodson, darted in front of him, he applied the brakes and swerved the car to the center lane but was too near to avoid striking the subject." On re-direct examination this witness said: "I stated, in answer to Mr. Walton's question, that it was a dark night. Re-referring to my record I see that it was a clear night. This is an open, straight highway for half a mile . . . Mr. Walton also asked me if there was anything to prevent a pedestrian walking across here from seeing the headlights of a car. There was not anything there to prevent the driver of a vehicle, driving from Asheville to Canton, from having seen a pedestrian walking across here." The witness also testified that he did not know at what point on the highway the plaintiff's intestate was struck but that the car stopped about 10 feet from where plaintiff's intestate was lying on the shoulder of the highway.

Mrs. Eva V. Goodson, mother of William Woodrow Goodson and the duly appointed and acting administratrix of his estate, testified that the defendant and his wife came to her home on Tuesday night after her son was killed on Sunday night, and there in the presence of others, "I said: 'Mr. Williams, can you tell me how you happened to kill Woodrow?' He just shook his head and sat down, and his wife said: 'Probably I can tell you more than he can.' Then she said: 'They were coming up the road and there was a car coming down meeting them from Canton. They dimmed the lights for the car coming meeting them and when they turned

them back on bright your son was right in front of our car.' " The witness then asked her if the traffic was so heavy they couldn't prevent killing him. Mrs. Williams said: "No, honey, there was not but one car in sight. I don't know whatever possessed my husband to do it. He swerved to his right and when he did, it hit him. He was amost off the pavement." The wife of the defendant in this conversation fixed the location of plaintiff's intestate as being only four or five feet in front of their car when they first saw him. Mrs. Goodson was corroborated by other witnesses as to what was said in this conversation between her and the defendant's wife. These witnesses also testified that the conversation took place in the presence of the defendant.

Mrs. Goodson also testified that several days after plaintiff's intestate was buried, the defendant came back to see her; that he told her he understood she wanted to see him. "I just said that I would like to see you and talk to you and see if you can tell me anything about how you happened to kill the boy, and he said, 'No, ma'am, I can't. I wish I could. It would be a great relief to me if I could get my mind so I could tell you just how it was done. . . . But I just can't understand how I ever happened to do it.' "

At the close of the plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was allowed, and the plaintiff appeals and assigns error.

*W. W. Candler and Cecil C. Jackson for plaintiff, appellant.*
*Harkins, Van Winkle, Walton & Buck for defendant, appellee.*

Denny, J. This appeal raises two questions: (1) Did the plaintiff offer sufficient evidence of actionable negligence on the part of the defendant to carry the case to the jury? (2) If so, does the evidence establish contributory negligence on the part of the plaintiff's intestate as a matter of law?

On a motion for judgment as of nonsuit, the plaintiff is entitled to have the evidence considered in the light most favorable to him and to the benefit of every reasonable inference to be drawn therefrom. *Rice v. Lumberton,* 235 N.C. 227, 69 S.E. 2d 543; *Powell v. Lloyd,* 234 N.C. 481, 67 S.E. 2d 664; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Pascal v. Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534.

In passing upon a motion for judgment as of nonsuit when in our opinion the motion was erroneously granted in the court below, a discussion of the evidence should be omitted, except as deemed essential, so as not to prejudice either party on the further hearing. And in our opinion

the defendant's motion for judgment as of nonsuit in the trial below should have been overruled.

A nonsuit on the issue of negligence should not be allowed unless the evidence is free from material conflict and the only reasonable inference that can be drawn therefrom is that there was no negligence on the part of the defendant, or that his negligence was not the proximate cause of the injury. *Thomas v. Motor Lines, supra.* Here we have the statement of the defendant to the effect that he met a car on the highway immediately before the accident occurred; that he dimmed his lights and "just as he started to brighten his lights, the subject, Mr. Goodson, darted in front of him, he applied the brakes and swerved the car to the center lane but was too near to avoid striking the subject." Later, however, in talking with the mother of the deceased, he said, "I just can't understand how I ever happened to do it." Further, the defendant's wife, in his presence, said to the mother of the deceased, "I don't know whatever possessed my husband to do it. He swerved to his right and when he did, it (the car) hit him. He was almost off the pavement."

We think a reasonable inference may be drawn from this evidence that the defendant was not keeping a proper lookout for the rights and safety of others who were or might have been on the highway, and that a reasonable inference may be drawn from his statement to the mother of the deceased and the unchallenged statements made to her, by his wife, in his presence, that the accident was not unavoidable but was the result of some act of omission or commission on his part. Furthermore, there is nothing in the statements made to the mother of the deceased from which it may be inferred that plaintiff's intestate darted in front of defendant's car, or was proceeding across the highway in a manner other than in a usual or normal way.

Moreover, there is nothing in the evidence tending to show that the defendant was blinded by the lights of the car he had just passed, and thereby prevented from being able to discern "a person 75 feet ahead," the distance required under normal atmospheric conditions and on a level road, when the lights are dimmed, as required by law. G.S. 20-131 (d).

However, what the evidence may be on another hearing, in rebuttal or denial of plaintiff's evidence, is not our concern. But we must accept as true the evidence as disclosed by the record in considering an exception to a judgment as of nonsuit. *Bundy v. Powell, supra.* In any event, we do not think that the statements made by the defendant to the State Highway Patrolman and to the mother of the deceased, and the statements made by his wife, in his presence, to the mother of the deceased, are susceptible only to the inference that the defendant was entirely free from negligence in connection with the death of plaintiff's intestate.

GOODSON *v.* WILLIAMS.

In the case of *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462, the deceased, who lived on the north side of the highway, crossed the highway to go to her mail box. As she crossed the highway, two heavily loaded oil trucks were approaching from the west, traveling about 45 or 50 miles an hour. The first truck passed the deceased. As the second truck approached, deceased was standing at the mail box on the shoulder of the road, apparently oblivious of the approach of the second truck. When this truck was within 15 or 20 feet of the deceased, she turned suddenly and "started back across the highway in a fast walk." Defendant swerved his truck to the left in an attempt to avoid striking her but the rear-view mirror located on the right side struck her head and her body struck the corner of the truck to the rear of the cab. A motion for judgment as of nonsuit interposed by the defendant was allowed. The plaintiff appealed to this Court and in reversing the judgment, *Barnhill, J.,* in speaking for the Court, said: "A motorist operates his vehicle on the public highways where others are apt to be. His rights are relative. Should he lapse into a state of carelessness or forgetfulness his machine may leave death and destruction in its wake. Therefore, the law imposes upon him certain positive duties and exacts of him constant care and attention. He must at all times operate his vehicle with due caution and circumspection, with due regard for the rights and safety of others, and at such speed and in such manner as will not endanger or be likely to endanger the lives or property of others. G.S. 20-140; *Kolman v. Silbert,* 219 N.C. 134, 12 S.E. 2d 915. . . . Of course it was the duty of the deceased to look before she started back across the highway. Even so, under the circumstances here disclosed, her failure so to do may not be said to constitute contributory negligence as a matter of law. It is for the jury to say whether her neglect in this respect was one of the proximate causes of her injury and death. *McKinney v. Bissell, supra* (263 S.W. 533)."

The facts in the instant case are distinguishable from those in *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246. There, the plaintiff's testate was walking toward the defendant's truck. The truck was visible from 300 yards to a quarter mile. The accident occurred in broad daylight and there was nothing to put the driver of the truck on notice that the plaintiff's testate was oblivious to its approach. And when he started across the highway immediately in front of the truck, the driver of the truck swerved it to the left and plaintiff's testate apparently walked into the side of the vehicle. Likewise, *Sechler v. Freeze,* 236 N.C. 522, 73 S.E. 2d 160; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276; *Hobbs v. Coach Co.,* 225 N.C. 323, 34 S.E. 2d 211; and *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239, are not controlling on this record.

Ordinarily, contributory negligence is an affirmative defense which the defendant must plead and prove. G.S. 1-139. And a nonsuit on the ground of contributory negligence should not be granted unless the plea of such negligence has been so clearly established by the plaintiff's evidence that no other conclusion can be reasonably drawn therefrom. *Levy v. Aluminum Co.,* 232 N.C. 158, 59 S.E. 2d 632; *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921; *Bundy v. Powell, supra; Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 121; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209.

Negligence is not presumed from the mere fact that one is killed. *Tysinger v. Dairy Products, supra.* Neither is one presumed to be guilty of contributory negligence as a matter of law because he failed to yield the right of way to a vehicle on a highway when crossing such highway at an unmarked crossing other than at an intersection, as provided by G.S. 20-174 (a). *Simpson v. Curry, ante,* 260; *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323; *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484; *Templeton v. Kelley,* 215 N.C. 577, 2 S.E. 2d 696. G.S. 20-174 (e) provides that notwithstanding the provisions of G.S. 20-174 (a), "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway."

In *Bank v. Phillips, supra,* which case involved questions similar to those raised on the present record, *Johnson, J.,* in speaking for the Court, said: "If it be conceded that the intestate failed to yield the right of way as required by this statute, even so, it was the duty of the defendant, both at common law and under the express provisions of G.S. 20-174 (e), to 'exercise due care to avoid colliding with' the intestate. . . . Our decisions hold that a failure so to yield the right of way is not contributory negligence *per se,* but rather that it is evidence of negligence to be considered with other evidence in the case in determining whether the actor is chargeable with negligence which proximately caused or contributed to his injury."

We think the evidence offered in the trial below is sufficient to require its submission to the jury on the issues of negligence and contributory negligence.

Reversed.