### CLARENCE O. GARMON v. WADE THOMAS.

(Filed 4 February, 1955.)

**1. Negligence § 11—**

Contributory negligence need not be the sole proximate cause of the injury in order to bar recovery, but is sufficient for this purpose if it is a proximate cause or one of them.

**2. Negligence § 19c—**

Since the burden of showing contributory negligence is on defendant, nonsuit for contributory negligence should not be allowed if the controlling facts are in dispute or if opposing inferences are permissible from plaintiff's proof.

**3. Same—**

Nonsuit on the ground of contributory negligence is proper when plaintiff's own evidence establishes this defense.

**4. Automobiles § 16—**

A pedestrian crossing the highway at a place which is not within a marked cross-walk or within an unmarked cross-walk at an intersection, is under duty to yield the right of way to vehicles along the highway, G.S. 20-174 (a), subject to the duty of a motorist to exercise due care to avoid colliding with any pedestrian and to give warning by sounding horn whenever necessary. G.S. 20-174 (e).

**5. Same: Automobiles § 18h (3)—Evidence held to show contributory negligence on part of pedestrian struck while crossing open highway.**

The accident in suit occurred on the southern portion of a dual highway which was used for two-way traffic while the highway was under construction. Plaintiff's evidence tended to show that he was refilling flambeaux and setting them along the northern edge of the portion of the highway in use, that he waited at the south edge of the pavement until a car traveling east had passed, that after looking both ways and seeing no vehicle approaching, he started across the highway, did not see defendant's truck, which was traveling west, until it was within 5 feet of him, although he could see in the direction from which it approached for a distance of 700 feet or more, and was hit by the truck when he was about a foot and one-half from the northern edge of the pavement. There was no evidence that defendant's truck was traveling at excessive speed. Defendant's evidence was to the effect that he was familiar with the highway, that he was traveling about 20 miles per hour at the time of the impact, and did not see plaintiff until he was within some 8 feet from him because he was blinded by the sun. *Held:* Conceding that defendant should have seen plaintiff and given him warning of his approach, plaintiff was guilty of contributory negligence as a matter of law on his own evidence in failing to yield the right of way to defendant's vehicle, which he should have seen in time to have avoided the injury if he had exercised reasonable care for his own safety and kept a timely lookout.

BOBBITT, J., dissenting.

APPEAL by defendant from *Clarkson, J.,* August Term, 1954, of UNION.

This is a civil action instituted by the plaintiff to recover for personal injuries sustained as a result of the alleged negligence of the defendant.

On 26 June, 1953, the northern lane of U. S. Highway No. 74, some distance east of the City of Monroe, in Union County, was under construction. The southern lane, which was to become the east-bound lane of a dual highway, was being used by east and west-bound traffic. The hard surfaced portion of this lane was approximately 22 feet wide with a shoulder on the south side of 8 or 9 feet. The northern shoulder of this traffic lane had not been completed or filled in after the hard surfaced portion thereof had been completed.

The plaintiff, at the time of the accident complained of, was an employee of the contractor who was constructing the dual highway. He was required, among other things to keep flambeaux burning which had been placed on the low shoulder along the northern edge of the south or open lane of traffic. On the particular afternoon in question, the plaintiff was engaged in refilling the flambeaux with oil from a container he carried in the trunk of his car, replacing and relighting them. He drove his car along the highway and parked it at intervals of approximately 60 feet on the southern shoulder of the road. He had crossed the road a number of times, having picked up and refilled 20 flambeaux before the accident occurred.

According to the plaintiff's testimony, immediately prior to the accident he started across the highway with two flambeaux, one lighted, the other not. That he was standing about 2 feet from the south edge of the pavement. He looked in the direction of Wadesboro to the east and saw no cars in sight. He then looked toward Monroe and saw a car coming from that direction. He waited until the car from Monroe passed; when this car had passed, he looked all the way down the road toward Wadesboro again and back toward Monroe and there was no truck in view. "Then I started across and then I glanced a couple of times to the right and that in so glancing I covered say, only 20, 30, or 40 feet both times. There wasn't anything coming when I looked." That he could see 700 feet down the highway in the direction from which the defendant's truck came, but that the truck was within 5 feet of him when he first saw it; that he jumped as high as he could and was hit when he was about a foot and a half from the northern edge of the pavement.

A highway patrolman who was a witness for the plaintiff testified that the plaintiff and the defendant pointed out to him the point of impact which was approximately two and one-half feet from the northern edge of the highway; that there were skid marks heading back from the defendant's truck for 39 feet and that the truck stopped about 12 feet from where the skid marks ended. There was one continuous run of skid marks, an over-all of 75 feet. Such skid marks were medium, not too

light or too heavy. That Mr. Thomas, the defendant, stated he was headed west on the highway and was traveling approximately 25 miles an hour; that he didn't see Mr. Garmon until he was too close to him to stop. He asked Mr. Garmon what happened and he said that he didn't see the truck until it was too late and when he did he jumped in the air and the right front of the truck hit him. That he examined the truck and the right front fender and headlight had been damaged. He estimated the damage at $20.00.

The defendant testified that he was familiar with the highway; that he knew about the signs stating the road was under construction; that he traveled the road three or four times a day; that the sun was shining practically in his face coming up the road when the accident happened. That Mr. Garmon was about 8 feet from the front of his truck when he first saw him; that "the reason I didn't see Mr. Garmon until the truck was some 8 feet from him was because I was blinded by the sun." That he could see right in front of the truck for* 40 or 50 feet "looking kind of at the ground"; that he was traveling about 20 miles an hour at the time the truck came into collision with Mr. Garmon. That he skidded about the length of the truck and about twice the length of the truck from where Mr. Garmon was lying when it stopped. That the road had been recently tarred with fresh tar and it was slick. That he was engaged in hauling lumber and was on his way at the time of the accident to a sawmill near Waxhaw to get a load of lumber; that he was driving his own two-ton Ford, stake-body truck. There was no construction work going on along the southern lane of the highway which was open and constituted a part of one continuous highway from Monroe to Wadesboro.

All the evidence tends to show that the accident did not occur in a residential or business district; that it occurred about three o'clock in ·the afternoon on a bright sunny day; that the highway was almost level and visible for a distance of from 700 to 1,000 feet in the direction from which the defendant's truck was driven.

The usual issues of negligence, contributory negligence, and damages were submitted to the jury and answered in favor of the plaintiff. From judgment on the verdict, the defendant appeals, assigning error.

*Welling & Welling and Elbert E. Foster for plaintiff.*
*Kennedy, Kennedy & Hickman for defendant.*

DENNY, J. The defendant challenges the correctness of the refusal of the court below to sustain his motion for judgment as of nonsuit on the ground that the plaintiff was contributorily negligent as a matter of law.

In relying on this assignment of error, the defendant necessarily concedes his own negligence. Therefore, the question presented is whether

the evidence adduced in the trial below, when considered in the light most favorable to the plaintiff, clearly establishes his negligence as a contributing or proximate cause of his injury. If the plaintiff's negligence did contribute to his injury it need not have been the sole proximate cause thereof in order to bar recovery, but it is sufficient if it was a proximate cause or one of them. *Badders v. Lassiter,* 240 N.C. 413, 82 S.E. 2d 357; *Lyerly v. Griffin,* 237 N.C. 686, 75 S.E. 2d 730; *Stevens v. R. R.,* 237 N.C. 412, 75 S.E. 2d 232; *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921; *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227.

The burden of showing contributory negligence is on the defendant and a motion for judgment as of nonsuit will not be allowed if the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof. *Battle v. Cleave,* 179 N.C. 112, 101 S.E. 555; *Ferguson v. Asheville,* 213 N.C. 569, 197 S.E. 146; *Templeton v. Kelley,* 215 N.C. 577, 2 S.E. 2d 696. But the plaintiff may relieve the defendant of the burden of showing contributory negligence when it appears from his own evidence that he was contributorily negligent. *Godwin v. R. R., supra.*

There is some evidence with respect to skid marks that would tend to show that the defendant became aware of plaintiff's presence on the road while he was a greater distance from him than that shown by his oral testimony. However, the doctrine of last clear chance is not pleaded. Neither is there any evidence which would have put the defendant on notice, if it had been that the plaintiff was incapacitated or incapable of exercising ordinary care for his own safety. *Aydlett v. Keim,* 232 N.C. 367, 61 S.E. 2d 109. The plaintiff's testimony shows that he was advertent to the fact that the road was in use as a highway.

G.S. 20-174, subsection (a), provides that: "Every pedestrian crossing a roadway at any point other than within a marked cross-walk or within an unmarked cross-walk at an intersection shall yield the right of way to all vehicles upon the roadway." While in subsection (e) of this statute it is provided as follows: "Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

The defendant, pursuant to the provisions of the above statute, had the right of way on the occasion under consideration subject to the provisions of subsection (e) thereof.

The facts disclosed by this record are unusual in certain respects. The defendant traveled from 700 to 1,000 feet along a main traveled highway

GARMON *v.* THOMAS.

at approximately 25 miles per hour, partly blinded by the sun, and never saw the plaintiff until he was too close to him to stop before hitting him. On the other hand, the plaintiff, according to his testimony, never saw the approaching truck until it was within 5 feet of him although he testified that he looked all the way down the road toward Wadesboro just before he started across the highway and that the defendant's truck was not in sight. He further testified that he glanced to his right when he was halfway across the highway and saw nothing. But all the evidence supports the view that the plaintiff could have seen the defendant's truck at any time while it was traveling toward him for the distance of 700 to 1,000 feet if he had looked. Furthermore, there is no evidence that the defendant was driving his truck at an excessive or illegal rate of speed. Conceding, however, that the defendant should have seen the plaintiff and given him warning of his approach, the plaintiff was at all times under the duty to see the defendant and to yield the right of way to him. In our opinion, both parties were negligent. The defendant was negligent in failing to exercise due care to avoid colliding with the plaintiff on the highway, *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484, and the plaintiff was negligent in failing to exercise reasonable care for his own safety in that he failed to keep a timely lookout to see what he should have seen and could have seen if he had looked. *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246; *Jenkins v. Johnson,* 186 Va. 191, 42 S.E. 2d 319. The facts compel the view that the defendant's truck was near the plaintiff and plainly visible to him if he had looked at the time he walked into its path. "There are none so blind as those who have eyes and will not see." *Baker v. R. R.,* 205 N.C. 329, 171 S.E. 342.

The facts in the case of *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462, which is relied upon by the plaintiff, are distinguishable from those here, as well as the facts in *Tysinger v. Dairy Products, supra,* and similar cases. In the *Williams case,* the deceased lived on the north side of the highway. She left her home to go to her mailbox on the southern edge of the highway. As she crossed the highway, two heavily loaded oil trucks were approaching from the west traveling 45 or 50 miles an hour. The first truck passed the deceased. As the second truck approached, deceased was standing at the mailbox on the shoulder of the road, apparently oblivious of the approach of the second truck. When the truck was within 15 or 20 feet of the deceased, she turned suddenly and "started back across the highway in a fast walk." She was hit by the truck and thrown 112 feet while the truck traveled 250 feet before it stopped. This Court, speaking through *Barnhill, J.,* now *Chief Justice,* said: "Here the defendant was operating his heavily loaded truck at 45 to 50 miles per hour within 150 feet of the vehicle just ahead. As the road was straight he saw or should have seen the deceased on the shoulder of the highway

GARMON *v.* THOMAS.

standing at the mail box even before the first truck passed her. She had her back to him and was apparently oblivious of his approach. Yet he did not slacken his speed or apply his brakes or sound his horn. These circumstances present a case for the jury."

In the case of *Tysinger v. Dairy Products, supra,* the plaintiff's deceased was walking in the direction from which the defendant's truck was approaching, and suddenly started to cross the highway and was hit by the side of the truck. The truck had been visible for at least 300 yards. *Winborne, J.,* speaking for the Court, said: ". . . it was the duty of plaintiff's testator, in crossing the highway at a point other than within a marked cross-walk or within an unmarked cross-walk at an intersection, to yield the right of way to defendant's truck approaching upon the roadway, and the operator of the truck, in the absence of anything which gave or should have given notice to the contrary, was entitled to assume and to act upon the assumption that plaintiff's testator would use reasonable care and caution commensurate with visible conditions, and that he would observe and obey the rules of the road. . . . And there is no evidence of anything that gave or should have given notice to the operator of defendant's truck that plaintiff's testator was unaware of the approach of the truck, and would·not obey the rule of the road, until the time the testator started across the highway, nor is there evidence as to how close the truck was to him when he started across—except the fact that he was stricken by the side of the truck near the center of the highway. Under such circumstances, to infer that the operator of the truck failed to exercise due care to avoid colliding with the testator upon the roadway, or to infer that a failure to give warning by sounding the horn was a proximate cause of the collision between the truck and testator, . . . would be mere speculation."

In *Jenkins v. Johnson, supra,* the decedent was observed standing on the south side of the highway. As soon as two motor vehicles traveling east passed him, he started across the highway. Defendant, traveling west at between 25 and 30 miles an hour, first saw decedent when he (decedent) was about the center of the highway and defendant was 25 or 30 steps to the east. Defendant immediately blew his horn. When he saw that decedent did not intend to stop and permit him to pass, he swerved his car to the right. At the same time decedent increased his speed and walked or half ran into the side of defendant's car when the right wheels were at least 3 feet off the hard surface of the road shoulder. The Supreme Court of Virginia said: "The highway was level and straight for approximately one-quarter of a mile east and west of the point of impact. After the motor vehicles traveling east had passed, there was nothing to prevent either defendant or decedent from seeing the other. If defendant was negligent in failing to see decedent, decedent was equally

negligent in failing to see defendant's car. If it be conceded that the defendant was negligent in failing to see decedent in time to have avoided the accident, then it must be conceded that if decedent had stopped walking at any point within four feet of the northern edge of the hard surface, he would have saved himself from the collision." The Court held that the decedent's negligence was a contributing cause of his injuries.

The defendant's motion for judgment as of nonsuit should have been allowed.

Reversed.

BOBBITT, J., dissenting: There is evidence both of actionable negligence and of contributory negligence. The decisive question: Does the evidence establish conclusively, as a matter of law, that negligence of the plaintiff contributed to his injury as a concurring proximate cause thereof? The Court answers in the affirmative, reversing the court below on the ground that judgment of involuntary nonsuit should have been entered. My analysis of the evidence impels me to a different view.

The court will declare a plaintiff contributorily negligent as a matter of law only when, upon facts admitted or established by uncontradicted evidence, contributory negligence of the plaintiff is the only reasonable inference that may be drawn therefrom. Too, testimony of defendant's witness, favorable to plaintiff, must be considered in plaintiff's favor upon consideration of defendant's motion for judgment of involuntary nonsuit at the close of all the evidence. These well-established propositions are relevant here.

In *Tysinger v. Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246, plaintiff's testator was held contributorily negligent as a matter of law. In that case, as here, the highway was 22 feet wide; its course was east-west; and plaintiff's testator was struck by defendant's truck while attempting to cross from the south to the north side of the highway. The distinguishing facts are these: Defendant's truck, traveling east, was on its right side of the highway, adjacent to the shoulder on the south side, and plaintiff's testator, before going upon the highway, was walking west along the south shoulder, thus facing in the direction of the oncoming truck; and plaintiff's testator walked north from his place of safety on the south shoulder, directly in the path of the approaching truck, making contact with the right side thereof as it veered to the left just before the impact. After an analysis of the evidence, *Winborne, J.*, says: "And there is no evidence of anything that gave or should have given notice to the operator of defendant's truck that plaintiff's testator was unaware of the approach of the truck, and would not obey the rule of the road, until the time the testator started across the highway, nor is there evidence as to how close

the truck was to him when he started across—except the fact that he was stricken by the side of the truck near the center of the highway."

As to the Virginia case of *Jenkins v. Johnson,* 186 Va. 191, 42 S.E. 2d 319, suffice it to say that the factual situation there impresses me as analogous to that in the *Tysinger case* rather than to that in the case now before the Court.

In *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462, judgment of involuntary nonsuit was reversed. Here again we have an east-west highway on which plaintiff's intestate was struck by defendant's truck while attempting to cross from the south side to the north side of the highway. Defendant's truck, traveling east, was on its right side of the highway, adjacent to the shoulder on the south side, and plaintiff's intestate was standing at her mailbox on the south shoulder, with her back towards the approaching truck, apparently oblivious of its approach. "When this truck was within 15 or 20 feet of deceased, she turned suddenly and 'started back across the highway in a fast walk.'" The *Tysinger case* was distinguished on the ground that the driver in the *Williams case* was negligent in failing to give timely warning to a pedestrian *apparently unaware* of the approach of the truck. As to contributory negligence, *Barnhill, J.* (now *C. J.*), says: "Of course it was the duty of the deceased to look before she started back across the highway. Even so, under the circumstances here disclosed, her failure so to do may not be said to constitute contributory negligence as a matter of law. It is for the jury to say whether her neglect in this respect was one of the proximate causes of her injury and death."

In my opinion, the facts here are more favorable to the plaintiff than in the *Williams case.* These features should be noted:

1. Smith, defendant's witness, who was standing behind the cab on defendant's truck, facing in the direction of travel, west, saw the plaintiff, while walking slowly across the highway, proceeding from the south side towards the north side thereof, apparently oblivious of the approach of defendant's truck. "Mr. Garmon was coming on, not looking at him." No warning was given to plaintiff.

2. Defendant's truck, traveling west, was on its right side of the highway; and plaintiff was walking slowly, visible to the driver of the truck during the entire course of such walk until he reached the point of impact, only a foot and one-half from the northern edge of the hard surface. There is no evidence of any sudden, unforeseeable act of plaintiff, such as darting out in front of the oncoming truck, nor is there any evidence of hesitation, stopping or change of direction or pace while walking across the highway.

GARMON v. THOMAS.

In addition to these distinguishing features, I am persuaded that, under the facts in the case now under consideration, it was permissible for the jury to find that plaintiff had the right of way.

It is not unlawful for a pedestrian to cross a public highway. If, while so engaged, he is injured or killed from contact with a motor vehicle on such public highway, the statutory rule as to right of way is relevant. G.S. 20-174. In relation to the cited statute, it has been held consistently that a pedestrian's failure to yield the right of way is not contributory negligence *per se,* but only evidence thereof for consideration with all other facts and circumstances. *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323; *Simpson v. Curry,* 237 N.C. 260, 74 S.E. 2d 649; *Goodson v. Williams,* 237 N.C. 291, 74 S.E. 2d 762.

G.S. 20-155 (a) provides: "When two vehicles approach or enter an intersection and/or junction *at approximately the same time,* the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right except as otherwise provided in sec. 20-156." (Italics added.) Even so, the driver of the vehicle on the left has the right of way if, when he reaches and enters the intersection, the vehicle approaching on his right is far enough away so that, in the exercise of reasonable care and prudence, he is justified in the belief that he can pass over the intersection in safety. In such case, upon his entering the intersection, it becomes the duty of the driver of the vehicle approaching on the right to decrease his speed, bring his car under control, and, if necessary, stop it in order to yield the right of way and thereby avoid a collision. *Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631; *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532, and cases cited.

The rights as between motorist and motorist are relative. *Williams v. Henderson, supra.* This is equally true as between motorist and pedestrian. "The rights of pedestrians and vehicular traffic in the use of streets and highways are generally 'mutual, equal, and co-ordinate.' A pedestrian should use ordinary care for his own safety when crossing a street or highway; however, he has the right to assume that others will use a like care to avoid injuring him." 5 Am. Jur., Automobiles, sec. 448. "A person in a public highway may rely upon the exercise of reasonable care on the part of drivers of vehicles to avoid injury. A failure to anticipate the omission of such care does not render him negligent." *Deputy v. Kimmell,* 73 W. Va. 595, 80 S.E. 919, 51 L.R.A. (N.S.) 989, Ann. Cas. 1916E, 656.

If, when plaintiff started his slow walk across the highway, the defendant's truck was not in sight, as plaintiff's evidence tends to show, or was far enough away that plaintiff, in the exercise of due care, was justified in believing that he could cross safely ahead of the approaching truck of defendant, as the testimony of Smith, defendant's witness, tends to show,

in either case defendant should have yielded the right of way to plaintiff. The fact that he lacked only a foot and a half of completing the crossing when struck by the right front fender and headlight of defendant's truck is a circumstance tending to show that he was justified in believing he could cross safely.

Smith, defendant's witness, testified, in substance: That he saw plaintiff, carrying the flambeaux, when plaintiff started across the highway, and as plaintiff continued across the highway; that "(he) wished (he) was sitting in the front by Mr. Thomas so (he) could tell him that (plaintiff) was crossing"; that "(he) wanted to go get there in the front seat to warn him, maybe he didn't see the man"; that "(he) had seen him away from it a good distance"; and his testimony as to the actual distance from the truck to plaintiff when he first saw plaintiff, neither clear nor consistent, varied from testimony that plaintiff was some 300 feet away when the witness first observed him *on* the highway to testimony permitting inferences that plaintiff was much farther away from defendant's truck when plaintiff started his walk across the highway. The evidence permits the inference that had defendant seen what Smith saw, according to Smith's testimony, defendant could and would have stopped or slowed down or turned out to the left and in doing so avoided striking plaintiff; and the evidence permits the further inference that the explanation for defendant's failure to do so is that defendant, blinded by the sun, drove on when unable to see what was taking place on the highway ahead of him. Surely, failure of plaintiff to anticipate that defendant would drive on under such circumstances should not be charged to plaintiff as contributory negligence as a matter of law.

A motorist who saw plaintiff would have seen that, crossing towards the barricades with a flambeau in each hand, he was engaged in performing duties incident to the construction work then in progress. While plaintiff's status is distinguishable from that of a man actually engaged in work on the traveled portion of a highway, *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326; Anno.: 30 A.L.R. 2d p. 876 *et seq.,* these facts seem pertinent as additional circumstances bearing upon the issues of negligence and contributory negligence. It is noteworthy that plaintiff's work in locating the lighted flambeaux had to be performed at the barricades near the north edge of the hard surfaced highway then in use. Compare: *Fleming v. Holleman,* 190 N.C. 449, 130 S.E. 171; *Daughtry v. Cline,* 224 N.C. 381, 30 S.E. 2d 322.

Assuming that plaintiff was justified in starting across the highway, having looked and having observed no vehicle dangerously near, he was not required *as a matter of law* to look continuously for the approach of motor vehicles while crossing: "If, as he leaves the curb, he looks for the approach of machines, he is not necessarily guilty of negligence in failing

to keep a continuous lookout or to look a second time, but whether he has exercised a reasonable degree of prudence is a question for the jury." Again: "Even if he sees an automobile approaching, he is not under the duty of continually watching its approach, provided its proximity and apparent speed are such as to justify an ordinarily prudent man in believing that he would have sufficient time to cross ahead of it with safety." Huddy, Vol. 5-6, Encyclopedia of Automobile Law, 9th Ed., sec. 86; also, see 5 Am. Jur., Automobiles sec. 451; *Deputy v. Kimmell, supra; Ritter v. Hicks,* 102 W. Va. 541, 135 S.E. 601, 50 A.L.R. 1505.

If, *while crossing* the highway, plaintiff should have been more vigilant in his lookout for a vehicle approaching from his right, it is well to remember that at most he is chargeable with what he would have seen had he so looked, to wit, a truck approaching at 20 to 25 miles per hour with no other vehicular traffic involved.

My conclusion is as follows: This case is distinguishable from the *Tysinger case* where plaintiff's testator was held contributorily negligent as a matter of law; it is more favorable to plaintiff than the *Williams case,* where the issue of contributory negligence was held to be for the jury; and it rather closely resembles the *Goodson case,* where the issue of contributory negligence was held to be for the jury.

For the reasons stated, I think the issue of contributory negligence was for the jury. Since the Court's decision is that judgment of involuntary nonsuit should have been entered, there is no occasion to comment on assignments of error not relating to this determinative question.